## WYNNE v. MAYOR AND COUNCIL OF EASTMAN.

An ordinance imposing a tax upon "merchandise, meaning dealers in varied stock of goods," and also imposing taxes upon persons engaged in the sale of various articles which would be embraced under the term merchandise, will not, unless the terms of the ordinance imperatively require it, be construed to authorize the collection of more than one tax upon dealers in general merchandise.

Submitted October 3, — Decided October 13, 1898.

Certiorari. Before Judge Smith. Dodge superior court. March term, 1898.

*J. E. Wooten,* for plaintiff in error.
*James Bishop Jr.,* contra.

COBB, J. The mayor and council of the city of Eastman passed a tax ordinance for the year 1898, of which the following

is a copy: "Be it ordained by the mayor and council of the City of Eastman, and it is hereby ordained by the authority of the same, that the following license-taxes shall be levied and collected in the City of Eastman for the year 1898: Boots and shoes, retail, including repairs, manufacturing, and other merchandise, $10.00. Bicycle agents, $5.00. Brick, lime, etc., dealer in, $5.00. Bicycle livery and repairs, $5.00. Carriage and wagon depository, or dealers in any kind of vehicles, except bicycles, $5.00. Cigarettes, dealers in, $5.00. Drugs, retail and wholesale, including paints, etc., $10.00. Dealers in second-hand clothing, $5.00. Dealers in musical instruments, $5.00. Dealers in hogs or cattle for shipment, $20.00. Fish and game, dealers in, including any kind of uncured fish or game, $10.00. Fruit and vegetables, stand alone, $2.50. Furniture alone, $10.00. Feed and livery stable, and any person or persons offering for sale any live stock, $20.00. Groceries, retail, $10.00. Gunsmith, alone, $2.00. Harness, retail and repairs, $2.50. Hardware, retail alone, $10.00. Jeweler, retail and repairs, $5.00. Merchandise, meaning dealers in varied stock of goods, $15.00. Millinery alone or in connection with other business, $2.50.

"When payable. Each license shall be in the name of the person, firm or agents, to whom same shall be issued; and each tax levied by this ordinance shall be registered tax, due and payable on the first day of March, 1898, except as hereinbefore provided, and licenses issued thereunder shall expire on the first of March, 1899.

" Classification. In all cases the person applying for license shall make oath, when so required to do, that the business followed by the applicant falls within the class to which the ordinance fixing the specialty applies. All persons entitled to have licenses issued to them under the ordinance, who do not pay for them in five days from date they are due, shall be deemed guilty of doing a business without license, and shall be summoned before the mayor's court, and upon conviction shall be punished by fine not exceeding $25.00, or imprisonment or work on the streets not exceeding twenty days.

"Adopted Jany. 31, 1898."

The plaintiff in error paid the tax required under the item of the ordinance imposing a tax upon dealers in "merchandise, meaning dealers in varied stock of goods." In the stock carried by him were contained wagons, carriages and other vehicles, which were stored in a building adjacent to that containing his general stock. He was arraigned before the mayor's court of Eastman, charged with doing business without a license, in that he was engaged in the sale of carriages, wagons and other vehicles, without paying the tax prescribed in the ordinance above quoted. Upon conviction in that court he applied for a writ of certiorari, which coming on for a hearing and being overruled, a writ of error to this court was sued out by him.

The municipal authorities of this city possibly have power, under its charter, to impose a tax upon each class of business, and this, too, notwithstanding the effect of the classification might be to impose two or more taxes upon a person who carries but one general stock of goods. Acts 1894, 167; *Keely* v. *Atlanta,* 69 *Ga.* 583. The question now under consideration, however, is not whether this power exists, but whether the ordinance above quoted is intended by the municipal authorities to be an exercise of such power. Does the ordinance require that each owner of a general stock of goods shall pay a separate tax for the privilege of selling each class of goods embraced in the stock which is named in the ordinance; or is the true interpretation that any one carrying a general stock of merchandise shall pay only the tax required of dealers carrying a "varied stock of goods," and that persons dealing in specific articles which generally form a component part of " a varied stock " shall be required to pay a separate tax for the privilege of selling each of such articles when they are not connected in any way with a general stock of merchandise? The latter seems to us to be the correct interpretation of the ordinance. Nearly all of the articles made the subject of tax are of a nature usually found in a general stock of merchandise, and it would seem that it was the intention of the municipal authorities that if a party desired to deal in all those articles which are usually sold by general dealers he should have the privilege of doing so by paying the tax upon

merchandise, which is declared in the ordinance to be a "varied stock of goods." The amount of the tax required for this general license to deal in merchandise being larger than that required for a license to deal in any specific article, is a circumstance indicating that such was the intention of the council. This view is also sustained when we consider the item of the ordinance imposing a tax upon the business of a person engaged in the sale of millinery; that business being declared taxable whether carried on alone or in connection with other business, rather indicating that the other articles usually found in a stock of merchandise not so dealt with are not to be taxed if embraced in such stock. Carriages, wagons and other vehicles are embraced within the ordinary meaning of the term merchandise, as well as within the meaning of the term as it is defined in this ordinance, that is, a "varied stock of goods," and the plaintiff in error, after paying the license imposed upon the sale of general merchandise, was entitled to sell carriages, wagons and other vehicles without paying an additional tax. The collection of more than one specific tax upon a dealer in merchandise, while, as has been seen, it is, under certain circumstances, allowable, still, as it is really a species of double taxation, it will not be held to have been contemplated by the taxing power, unless the terms of the law levying the tax are such as to imperatively demand a construction which would bring about this result. Even if the mayor's court of Eastman had authority to impose a fine upon the plaintiff in error, it was wrongfully imposed in the present case, because he has not been guilty of any violation of the ordinance of the city.

*Judgment reversed. All the Justices concurring.*