## MAYOR & ALDERMEN OF SAVANNAH *v.* COOPER.

1. The charter of the City of Savannah contains ample authority for the imposition of a business or occupation tax.
2. A specific tax upon all agents and representatives of packing-houses, and upon all agents and representatives of dealers in packing-house goods or products having a place of business or stock of merchandise in the City of Savannah and selling to customers therein, is a vocation or

occupation tax; and an agent representing a packing-house and carrying on its business as an alter ego of the principal is doing business within the meaning of such an ordinance, and is liable for the tax.

3. Such a tax is upon business, not upon labor or the right to work.

4. For the purpose of levying business taxes, a classification which is not arbitrary is legitimate.

5. A classification by the municipal authorities of agents of packing-houses, on the basis of those who sell fresh meats in a city and those who do not, is not, on its face, so arbitrary as alone to require the court to declare it void.

6. The ordinance of Savannah imposing a business tax upon agents of packing-houses is not void on the ground that the State had, before its passage, licensed such business, and that the municipal authorities had no power to require an additional license to be taken out therefor.

7. Municipal ordinances based on general powers in a charter must be reasonable.

8. Under the evidence in this case, the presiding judge did not err in granting an interlocutory injunction on the ground that the charge made by the ordinance under consideration upon agents of packing-houses selling fresh meats was unreasonable, excessive, and discriminated improperly between such agents and others who engaged in selling fresh meats.

Argued May 22,—Decided December 15, 1908.

Injunction. Before Judge Charlton. Chatham superior court. April 17, 1908.

W. D. Cooper filed his equitable petition against the Mayor and Aldermen of the City of Savannah, alleging in brief as follows: The municipal authorities passed a tax ordinance to levy taxes for the year 1908, one provision of which was as follows: "Upon all agents and representatives of packing-houses and upon all agents and representatives of dealers in packing-house goods and products, having a place of business or stock of merchandise in this city and selling therefrom to customers in Savannah, one hundred ($100.00) dollars, with an additional tax of four hundred ($400.00) dollars, to those selling fresh meats, for each place of business in said city or place where a stock of merchandise is kept in said city." Petitioner is the agent and representative of the Armour Packing Company, a corporation of New Jersey, which is a dealer in packing-house goods and products, including fresh meats, having a place of business in Savannah and selling therefrom to customers in that city. The company has one place of business in Savannah where a stock of merchandise is kept, and the defendant municipality has assessed against petitioner a tax of $500 as agent and representative of that company, and has issued an execution against

him therefor, which it threatens to enforce. Under the terms of the ordinance he is also liable to a fine of $100 or imprisonment for non-payment of the tax. He receives a salary of $1,800 per annum in monthly instalments of $150 per month. The city threatens to proceed against him both criminally and civilly, and irreparable damage will result unless injunction is granted. The tax ordinance is void, for the following reasons: (*a*) It is excessive, in that it taxes the plaintiff approximately one third of his entire earning capacity, and is unreasonable. It is prohibitory, as plaintiff can not earn enough money to pay the tax, and earn a living besides. (*b*) It is discriminatory, in that it taxes the plaintiff $500, whereas it places a tax of only $100 upon an agent who does the same class of work and receives the same class of pay, but represents a dealer of the class of those for whom plaintiff works, provided such agent does not sell fresh meats. It contravenes the uniformity clause of the constitution contained in the Civil Code, §5883. (*c*) It is discriminatory in that it does not tax agents or representatives of other persons who do a wholesale business or who sell other goods besides meats. It is therefore violative of section 5735 of the Civil Code. (*d*) It is unreasonable in that the tax is upon an employment and not upon an occupation, and the defendant has no authority under its charter to tax the plaintiff's right to work. (*e*) The State has licensed the plaintiff and given him the right to act as an agent for the Armour Packing Company in the City of Savannah, and under this license from the State he has the right to represent such company as its agent and representative, and the ordinance of the city is void as being in contravention of the law of the State. Injunction was prayed. The answer denied that the ordinance was illegal for the various reasons assigned. The presiding judge filed an opinion in which he held adversely to most of the plaintiff's contentions, but granted the injunction upon others. The defendant excepted.

*Samuel B. Adams,* for plaintiff in error.

*Osborne & Lawrence* and *O'Connor, O'Byrne & Hartridge,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

Several of the contentions raised by the present proceeding are controlled by previous decisions of this court. The charter of the City of Savannah confers ample authority to impose a business or occupation tax. Code of 1882, §4847; *Savannah etc. Ry.* v. *Mayor*

*etc. of Savannah,* 112 *Ga.* 164 (37 S. E. 393). A specific tax upon all agents and representatives of packing-houses, and upon all agents and representatives of dealers in packing-house goods and products having a place of business or stock of merchandise in the City of Savannah and selling to customers therein, is a vocation or occupation tax, and an agent representing a packing-house and carrying on its business as an alter ego of the principal is doing business within the meaning of such an ordinance, and is liable to the tax. Such a tax is not upon labor or the right to work; it is upon business. It is not in conflict with the uniformity clause of the constitution in relation to taxation. *Stewart* v. *Kehrer,* 115 *Ga.* 184 (41 S. E. 680). The same ruling is repeated in *Kehrer* v. *Stewart,* 117 *Ga.* 969 (44 S. E. 854), Id. 197 U. S. 60 (25 Sup. Ct. 403, 49 L. ed. 663). The statement in the last-cited cases, that "a tax on the privilege of selling goods is in effect a tax on the goods themselves," does not, of course, mean that such a tax is a tax on property within the contemplation of the clause of the constitution requiring all property to be taxed ad valorem; but that such a tax on the privilege of selling is a burden on interstate commerce, when applied to business of that character. A classification of agents of packing-houses in a municipal ordinance, on the basis of those who sell fresh meats in a city and those who do not, is not so arbitrary on its face as to require the court, upon the mere inspection of it, to declare it void. There may be municipal reasons affecting the sale of fresh meats within a city which do not necessarily apply to other packing-house products ordinarily sold there by the agent or representative of the house. The municipal authorities of Savannah appear to have thought this to be the case when they required an additional tax of such agents selling fresh meats; and we are not prepared to say, as matter of law, on an inspection of the ordinance, that making this subdivision or classification was itself so arbitrary as to be void. As an example of the power of legislative classification, see *Cook* v. *Marshall County,* 196 U. S. 261, 274, 275 (25 Sup. Ct. 233, 49 L. ed. 471); *City Council of Augusta* v. *Clark & Co.,* 124 *Ga.* 254 (52 S. E. 881).

It is said that the State has licensed the business of this agent, and that the authorities of the City of Savannah have no power to require an additional license to be taken out by him. The line of demarcation between a business or occupation tax and a license

law, or between a tax and a license is very plain in theory, but often very dim in municipal practice. A license to carry on a business or trade has been defined to be an official permit to carry on the same or perform other acts forbidden by law except to persons obtaining such permit. Bouvier's Law Dict., word "License," subtitle "In government regulation." A tax is a pecuniary burden imposed for the support of the government. It has been defined to be "the enforced proportional contribution of persons and property, levied by the government, and for all public needs." Bouvier's Law Dict. word "Tax." The distinction seems clear; and in one case in this State (*Mayor etc.* v. *Charlton,* 36 *Ga.* 460) it was held that where a physician was licensed by the authority of the State to practice medicine, the municipal authorities of Savannah could not require him to take out a license before he could practice his profession in that city. It was said that the physician was not contesting the authority to tax him for practicing his profession; but that what he contended was that the city should not make that illegal which by the law of the State was legal. The ordinance there involved required every physician to take out a license annually, and it was said that, "Under the name of a license, the physician could not be prohibited from availing himself, in the city, of the privilege conferred upon him by the State."

The framers of municipal ordinances, however, do not always keep in view the definitions of law dictionaries, or even the distinctions drawn by courts. Ordinances often include licenses, taxes, "license taxes," occupation and business taxes, and taxes on property, in such juxtaposition and combination that it is by no means easy to say whether a given provision imposes a license charge or a tax. The exercise of the police power and of the power to raise revenue by taxation are frequently not kept within such distinct boundaries as to be readily distinguishable. Thus in *Home Ins. Co.* v. *City Council of Augusta,* 50 *Ga.* 530, a municipal ordinance imposed an "annual license tax" on insurance companies. This was upheld as being a tax and not a license. The law involved in *Kehrer* v. *Stewart,* supra, on the subject of packing-house agents, was not a municipal ordinance, but an act of the legislature. In describing what was the nature of such act Chief Justice Simmons said: "The statutory enactment under discussion imposed a specific tax 'upon all agents of packing-houses doing business in this

State,' and made penal the pursuit of such an occupation by any one who had not paid the tax, which was $200 per annum." In the opinion in the present case filed by the learned presiding judge he said: "It has concerned me somewhat to determine just when an exaction of this character is a license and when a tax for revenue." He expressed doubt as to the character of this ordinance; and in this we concur with him. But considering the whole ordinance together, we resolve the doubt in favor of the municipal legislation rather than against it. The caption of the ordinance was, "to assess and levy taxes and raise revenue for the City of Savannah; for the regulation of certain kinds of business in the corporate and jurisdictional limits of said city; fixing penalties for the violation of the revenue ordinances of said city, and for other purposes connected with taxes and revenue of said city." The first section declared that the inhabitants of the city and those who held taxable property within it, and those who transacted or offered to transact business therein, except such as were exempt from taxation by law, should pay toward the support of the government of said city, and for the safety, benefit, convenience, and advantage of said city, "the taxes hereinafter prescribed." Then followed a list of property and business taxes, included in which was the tax upon all agents or representatives of packing-houses, having a place of business or stock of merchandise in the city and selling therefrom to customers in Savannah, $100, "with an additional tax" of $400 upon those selling fresh meats. This seems to refer to the imposition of a tax, rather than to the requiring of a license. Later on in the same ordinance it was provided that "Every person transacting, or offering to transact, either of the kinds of business hereinafter named, who are in business on the first day of January, 1908, shall, within thirty days after the first day of January, 1908, take out a license therefor." Then followed a list of occupations, which did not include that of acting as agent for a packing-house. A penalty was also provided for non-compliance with that portion of the ordinance. Still later occurred this provision: "Every person, company, or corporation required by this section to pay a specific or business tax shall take out a license or receipt, which shall state the business or occupation in which such person, company, or corporation is authorized to engage, and which shall be exhibited to the city marshal or his deputy, at any time upon de-

mand." A penalty was provided if any person should engage in any business or occupation for which "such license or receipt" was required, without first taking out the same, or for failing or refusing to exhibit it upon demand by the city marshal or his deputy. Here the words "license" and "receipt" are so closely joined as to be apparently used interchangeably, and to indicate that license charges and taxes in the mind of the draftsman of the ordinance were intimately related, if not synonymous. As, however, the same general section included both specific business taxes and also a requirement for licenses in certain cases, the ordinance may be so construed .as to apply the word "license" to those cases in which a license was required, and the word "receipt" to those cases in which no license, but a payment of a business tax, was required. The power of the City of Savannah to enforce the payment of a business tax by penal legislation is not distinctly raised.

Municipal ordinances must be reasonable. The limitations of the power of a city council in this regard are not to be measured by the more extensive powers of the State legislature. A city tax on an occupation must be reasonable with reference to such vocation. This does not mean that it must be adjusted to the amount of business of each individual, or limited exclusively by the receipts of some particular individual; but, considering that business within the municipality as a whole, the tax must be reasonable and not arbitrarily discriminatory. To illustrate, a tax on retail clothing merchants would not necessarily be held void at the instance of one merchant by showing that he did a very small business, and that the tax fell heavily upon him. If the individual business were small enough, it might be difficult to pay any tax. But this would not suffice to upset an ordinance imposing a reasonable and fairly adjusted tax upon such an occupation. With reference to the tax under consideration it may be noticed that it is not imposed upon the packing-house, but upon the business of the agent. He was working on a salary of $1,800 per annum, which seemed to be the entire compensation derived by him from the business which he was conducting. The evidence does not disclose that there were other packing-house agents doing a similar business, or that the tax imposed was reasonable, taking in view such business within the City of Savannah. There is no evidence that the employer will pay the tax, or that it will not fall on the agent. On the contrary,

in an amendment to the petition, which was used as an affidavit on the hearing, it was alleged that there was no agreement on the part of the packing-house to pay this tax or charge. On such an agent was imposed a tax of $100, with an additional tax of $400 if he should sell fresh meats, while on other persons selling fresh meats a very much smaller tax was imposed. On this subject the opinion filed by the presiding judge was in part as follows: "The tax under consideration is, in my opinion, unreasonable and excessive, and that particular part of the ordinance which imposes it void. It was suggested during the argument that the inequality among the members of the class known as agents of packing-houses might arise from an increased-expense to the municipality because of the presence and sale in the one instance of fresh meat, requiring inspection. It is difficult to conjecture any other reason as applicable to the agent himself. But against this argumentative suggestion is to be set the criticism offered by the City of Savannah itself in other portions of the same ordinance. Thus on page 15, line 26, I find that 'each owner or proprietor of a cold-storage plant or supplying refrigeration to others' is taxed but one hundred dollars. On page 17, line 27, it appears that 'wholesale or retail dealers or shippers in fish or oysters doing business outside of city market' are taxed but fifty dollars. Again, on page 26, line 3, the tax imposed on 'retail dealers selling dressed poultry or fresh meats, in addition to the tax of a retail dealer,' is seventy dollars. Nothing is to be gained by the suggestion that the packing-house makes thousands of dollars where the other dealers in fresh meats make hundreds. The tax is not on income; it is on the business of an individual, the agent; and there is no justice in charging him from four to eight times as much as is charged others doing the same thing. If the expense of sanitary inspection is the motive inducing the amount of the tax, it is difficult to see why equal if not greater sanitary inspection is not demanded where fresh meats, presumably slaughtered in the neighborhood, are sold, and particularly where such articles of perishable food as fish and oysters are vended *outside the city market*. It comes to me as a verified statement that this complainant, who, under the law, owes the tax and is to be punished if he does not pay it, must pay it himself, accept charity, or go to jail. Against this statement I have no right to set an obiter observation of a Justice of the Supreme Court of the

United States, that he might charge it up against the packing-house [Kehrer *v.* Stewart, 197 U. S. 60]. I consider the tax of four hundred dollars imposed by the city upon this complainant as an agent selling fresh meats, his salary being but eighteen hundred dollars, excessive and unreasonable for the reasons already given, and that so much of the ordinance in question as deals therewith is void."

In view of the entire evidence, we can not say that the judge erred in granting the interlocutory injunction. *Morton* v. *Mayor and Council of Macon,* 111 *Ga.* 162 (36 S. E. 627, 50 L. R. A. 485).

*Judgment affirmed.    All the Justices concur.*