## WESTERN UNION TELEGRAPH COMPANY *v.* CITY OF FITZGERALD *et al.*

Upon review of all the facts disclosed by the undisputed evidence in this case, the license tax of $100 per year, imposed by the City of Fitzgerald on each telegraph company doing an intrastate business therein, is excessive, unreasonable, and confiscatory. The court therefore erred in denying the interlocutory injunction.

No. 1049. SEPTEMBER 3, 1919.

Petition for injunction. Before Judge Crum. Ben Hill superior court. May 13, 1919.

*Dorsey, Brewster, Howell & Heyman* and *Mark Bolding,* for plaintiff.

*Wall & Grantham* and *J. B. Wall,* for defendants.

FISH, C. J. The Western Union Telegraph Company brought suit in the superior court of Ben Hill county, against the City of Fitzgerald and certain of its officers and agents, to enjoin the enforcement of an ordinance of the City of Fitzgerald imposing an occupation tax of $100 for the year 1917 upon the telegraph company. It was alleged that the tax imposed was unreasonable, excessive, discriminatory, and confiscatory. An interlocutory injunction was denied, and the plaintiff excepted.

The facts are not disputed. The plaintiff in error is the only electric telegraph company doing business in the City of Fitzgerald. It appears that the intrastate receipts of the telegraph company from the entire State of Georgia for the year 1917 amounted to

$352,278.39. The entire intrastate business of the company was 25.1 per cent. of the total business, both intrastate and interstate. The total expenses incurred by the telegraph company in carrying on its entire business in the State of Georgia for the year 1917 amounted to $1,306,286.92, exclusive of taxes and interest on its invested capital. The expenses of the company properly apportionable to the entire intrastate business for the year 1917 is 25.1 per cent. of the total expenses of the company on its business carried on in the State for said year. The total expenses, therefore, for the State for the year in question, properly apportionable to the intrastate business for said year, amounted to $327,878.02. The total income from gross intrastate business received at the Fitzgerald office for the said year amounted to $2,672.49. The company's gross receipts from intrastate business at its Fitzgerald office for the said year was 76/1000 per cent. of the amount received from intrastate business in the entire State for the year 1917. On this basis of calculation, the expenses apportionable to the Fitzgerald office would be 76/1000 per cent. of the entire expenses apportionable to the intrastate business done by the company in the State of Georgia for the year 1917, or 76/1000 per cent. of $327,878.02, which is $2,491.87. Deducting this amount from the $2,672.49, the gross income from intrastate business received at the Fitzgerald office for the year 1917, the company received from intrastate business at Fitzgerald for said year $180.62. The company was required to pay $8.31 as a tax upon the aggregate value of its property and franchise exercised in the city. The net income received by the company at its Fitzgerald office for the year 1917 was therefore less than $180.62.

It further appears that the total local expenses of the Fitzgerald office on both intrastate and interstate business for the year 1917 was $2,902. The city contends that only 25.1 per cent. of this total amount is properly chargeable to the Fitzgerald office on account of the intrastate business done at that office during the year 1917. In other words, it is the contention of the city, the defendant in error, that only the amount actually paid out at the Fitzgerald office for the local expenses should be taken into consideration; and that the proportionate expenses of maintaining the lines of telegraph wires reaching from that office to other offices in the State of Georgia, and the proportionate part of the expenses of the management of the system in Georgia, should not be taken into considera-

tion. The telegraph company is not engaged in the transmission of messages from one point to another point within the corporate limits of the City of Fitzgerald. Its entire intrastate business done in the City of Fitzgerald consists in the transmission of telegraph messages from the City of Fitzgerald to other cities in the State of Georgia. It is therefore clear that the telegraph company could not conduct any business in the City of Fitzgerald without the necessary expense of its general management and maintenance of its poles and wires outside the City of Fitzgerald. The cost of maintaining such lines and the cost of its general management must therefore be considered as a part of its general expenses in conducting its intrastate business in the City of Fitzgerald. These general expenses, that is, the cost incurred in maintaining its lines outside the City of Fitzgerald and within the State, and the cost of its general management, must therefore be apportioned to the intrastate business of the company at its Fitzgerald office. That is to say, the general expenses of the company, as well as the items of expense which are peculiarly local in their nature, must be considered. This course was adopted by this court in the case of *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66 (65 S. E. 184), and was followed in the case of the *Postal Telegraph-Cable Co.* v. *Cordele,* 141 *Ga.* 658 (82 S. E. 26). Indeed, any other method of arriving at the net income of the telegraph company at its local office on either its intrastate or interstate business would be unreasonable and unfair. It must be taken as established that a revenue tax must be reasonable in amount, and must not be discriminatory or confiscatory. The courts will not interfere with the discretion of the taxing authorities of a municipality, unless it appears that the tax imposed for revenue purposes is unreasonable in amount or is discriminatory. Under the facts in this case, recited above, the occupation tax of $100 per year imposed by the City of Fitzgerald on each telegraph company doing an intrastate business therein is excessive, unreasonable, and therefore invalid. A consideration of the decided cases in this State compels this conclusion. See, besides the two cases just cited: *Morton* v. *Macon,* 111 *Ga.* 162 (36 S. E. 627, 50 L. R. A. 485); *Mayor etc. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138); *Southern Express Co.* v. *Ty Ty,* 141 *Ga.* 421 (81 S. E. 114). It was therefore error to deny the interlocutory injunction.

*Judgment reversed. All the Justices concur.*