### 13991. HAYNES *v.* CITY OF ALBANY.

The legislative body of a municipality has no authority, under the general powers of its charter, to pass an unreasonable ordinance; and such an ordinance is null and void.

An ordinance of the City of Albany provides in substance that it shall be unlawful for any female who has at any time before or since the passage of the ordinance lived in the " red-light district " of any town or city to reside or remain in the City of Albany, unless engaged in some legitimate occupation or work which in itself or with some other legitimate means of support produces sufficient means for her livelihood, or (if she is not so engaged) unless she has a known, visible, and legitimate means of support and in addition thereto bears good repute in the neighborhood in which she resides in the City of Albany. *Held*, that the ordinance is unreasonable and void.

DECIDED DECEMBER 13, 1922.

Certiorari; from Dougherty superior court — Judge Custer. October 2, 1922.

*Lippitt & Burt,* for plaintiff in error.

*James Tift Mann,* contra.

BROYLES, C. J. Mrs. W. I. Haynes was convicted in the police court of the city of Albany for violating a certain ordinance of the city. Before pleading to the merits of the case she filed a demurrer to the charge, in which the validity of the ordinance was attacked on the grounds (among others) that the ordinance was unreasonable and oppressive, and that it was retroactive. The demurrer was overruled, and the defendant, in her petition for certiorari (which was sanctioned), assigned error upon that judgment and also upon the final judgment of sentence. The judge of the superior court

overruled the certiorari and to that judgment the defendant excepts.

The ordinance under which the defendant was convicted is as follows:

" An ordinance to be entitled ' An ordinance to prohibit lewd women or women of lewd reputation, residing or remaining in the city, to prescribe penalties for violations of this ordinance, and for other purposes:

" Be it ordained by the Mayor and Council of the City of Albany, and it is hereby ordained by authority of the same: .

" Sec. 1. That from and after the passage of this ordinance it shall be unlawful for any female who has at any time heretofore, or in the past, been an inmate of what was known as the ' red-light district ' of this city, or any other town or city, to reside or remain in the city of Albany, or within the police jurisdiction thereof, unless such female shall be bona fide engaged in some legitimate and bona fide occupation or work producing to her in and of itself or with some other known, visible and legitimate means of support, sufficient for her livelihood and support; provided that this ordinance shall not apply to such females where, although they have no occupation, they have a known, visible, and legitimate and bona fide means of support and livelihood, and bear good repute in the neighborhood in the city wherein they reside.

" Sec. 2. That any person violating the provisions of this ordinance shall, upon conviction thereof in the city police court, be punished as is prescribed in section 455 of the city code of Albany.

" Sec. 3. That all ordinances or parts of ordinances in conflict herewith shall be and the same are hereby repealed."

The wording of this ordinance is somewhat confused, but, construing it strictly (as all criminal statutes and ordinances must be construed), the ordinance makes it an offense for any female, who, at any time before, or after, the passage of the ordinance, has lived in the " red-light district " of any town or city, anywhere, to reside in the city of Albany, unless she be actually engaged in some legitimate work (business, trade or profession), which in and of itself, or together with some other legitimate means of support, produces sufficient means for her livelihood; or (in the event she is not actually engaged in any trade, business or profession) unless

she has a known, visible, legitimate and bona fide means of support and livelihood, *and, in addition thereto, bears a good repute in the neighborhood* wherein she resides in the city of Albany. Under this proper construction of the ordinance the city of Albany could convict a female who had resided for one day, or for one hour, in the " red-light district " of any town or city of the world, and who had reformed and turned her back forever upon her old life of shame, and settled down in the peaceful and beautiful little city of Albany, with the intention of thereafter leading an upright and virtuous life in the city of her adoption, *and who actually did lead such a life therein,* unless she was actually engaged in some profitable trade, business or profession, or unless she had a known, visible, legitimate and bona .fide means of support and livelihood, *and, in addition, bore a good repute among her neighbors.* In other words, if she, although leading at present an upright and virtuous life, and although having an income from legitimate sources sufficient for her support and livelihood, were not actually engaged in some legitimate work, she would be guilty under the ordinance *unless she also bore a good repute in her neighborhood.* It is not even required by the ordinance that she must have a *bad* repute before she can be convicted. If her neighbors' knowledge of her reputation is merely negative, and if they decline to say that it is good, she must be adjudged guilty. It is a matter of common knowledge that a past evil repute, especially where women are involved, is exceedingly hard to live down. Common sense and a slight knowledge only of human nature inform us that it would be little less than a miracle for an erstwhile lewd woman, notwithstanding her complete moral regeneration, to bear a good repute among her neighbors, especially if she continued to reside in the same city where she formerly practiced her lewd profession. It does not require a vivid imagination to see the reputation (if she had built up one) of such a woman being torn into shreds by the gossips and the " good women " of her neighborhood. " Alas for the rarity of human charity!"

Furthermore, if the basis of the offense created by the ordinance is not the failure to bear a good repute, then the ordinance in its spirit, if not in its letter, is retroactive and unconstitutional, for then the offense is bottomed upon past acts which may have been committed before the passage of the ordinance and so long ago that

prosecution therefor would be barred by the statute of limitations.

We accordingly have no hesitancy in holding that the ordinance is unreasonable and oppressive and therefore void. As was said by Justice Lumpkin, speaking for the court, in *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670, 676 (63 S. E. 138) : " Municipal ordinances must be reasonable. The limitations of the power of a city council in this regard are not to be measured by the more extensive powers of the State legislature."

We think that the trial court erred in overruling the demurrer to the charge, and that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*