## HUGULEY-McCULLOH AUTO COMPANY et al. v. CITY OF LaGRANGE et al.

A municipal ordinance of the City of LaGrange, imposing upon itinerant automobile dealers having no place of business in that city paying open-door license and at which stock subject to taxation is carried, an occupation tax in the sum of $200, is void, because, under the facts of this case, it imposes an unreasonable, excessive, and prohibitive tax.

No. 4517.   DECEMBER 12, 1924.

Petition for injunction.   Before Judge Roop.   Troup superior court.   August 20, 1924.

An ordinance of the City of LaGrange, levying a tax on business occupations for the year 1924, contained the following provisions: "Automobile dealers, having a place of business in LaGrange which pays open-door license and carries stock subject to taxation, $50.00. Automobile dealers itinerant, having no place of business in La-Grange paying open-door license and at which stock subject to taxation is carried, $200.00"

Huguley-McCulloh Auto Company, Yates Motor Company, West Point Overland Company, J. A. Latimer, and Tyrus Motor Company filed their petition against the City of LaGrange, its mayor and councilmen, and chief of police, in which they sought to enjoin the occupation tax of $200 imposed by the above provisions.   They made these allegations:   Each of them is engaged in the business of auto dealers.   Each operated such business in LaGrange for the year 1923, and up to February 1, 1924.   Each has paid the tax required by the general State laws for the purpose of being licensed to do business in Troup County, Georgia, for the year 1924. Neither of petitioners maintains a show-room or other place of business in LaGrange.   Each of them, under the occupation tax levied by the City of LaGrange for 1923, operated in said city by only sending agents there for the purpose of making sales and deliveries. This occupation tax in 1923 was $50.   No distinction was made in the amount of said occupation tax between resident and non-resident dealers for 1923.   Huguley-McCulloh Auto Company is a partnership composed of Amos Huguley, W. H. Huguley, and Mark McCulloh.   West Point Overland Company and Yates Motor Company are business names under which D. M. Yates does business. Tyrus Motor Company is a partnership composed of J. S. and R. E. Tyrus.   The gross receipts of each of petitioners are small com-

pared with those of local dealers. The chief of police of LaGrange has notified petitioners that it will be necessary for this occupation tax to be paid before doing business in LaGrange. Said tax amounts to not less than 25 per cent. of the profits earned by petitioners during the past year in LaGrange. Huguley-McCulloh Auto Company sold approximately 25 cars in LaGrange during 1923, and the approximate profit therefrom was $500. Yates Motor Company and West Point Overland Company sold approximately $11,401.45 worth of cars in the past twelve months, and their approximate profits did not exceed $500 after payment of all expenses and losses. The amount of sales by Tyrus Motor Company and J. A. Latimer is not given. This occupation tax is void in that it seeks a gross tax of more than 16 per cent. on the net profits of each business. The City of LaGrange has no power or authority to adopt an ordinance which discriminates in the imposition of a specific occupation tax as between resident and non-resident dealers. The municipal authorities threaten to enforce said tax ordinance, which will render the orderly conduct of petitioners' business impossible. Enforcement of this ordinance will destroy the civil rights of petitioners to engage in business in La-Grange on an equal footing with the citizens thereof. It will invade the private rights granted to petitioners under the State laws and the State occupation tax laws, which have been complied with by them. Petitioners have no adequate remedy at law, and in order to protect their interests, which are in jeopardy, and which can not be otherwise protected, they bring this petition. Said occupation tax is unreasonable in amount, and is discriminatory, in that it seeks to fix a tax of $50 on resident dealers and $200 on non-resident dealers. Each of petitioners pays to the State an ad valorem tax on stock. Said city and its officers and agents have indicated that the mere fact of taking an order for an automobile within the City of LaGrange comes within the purview of said occupation tax act, which petitioners allege is an unlawful and unwarranted interpretation of said act. Said act, in so far as it seeks to impose a special tax on non-resident auto dealers, is void as being discriminatory, confiscatory, excessive, prohibitive, and unreasonable. Said tax ordinance seeks to create and does create a monopoly for resident dealers and against outside competition. Pe-

23

titioners prayed that said occupation tax be declared void, and that the defendants be enjoined from enforcing the same.

The defendants answered the petition, and denied that the ordinance imposing this tax was unreasonable, discriminatory, confiscatory, or prohibitive. From lack of information they could neither admit nor deny the allegations as to the amount of business done by petitioners, or that they had paid their State occupation tax required in order to do business in Troup County. On the hearing of the application for injunction, the plaintiffs introduced evidence tending to establish the allegations of their petition. It was shown that the Yates and West Point Overland Companies sold jointly $11,401.45 worth of automobiles in LaGrange from February 1, 1923, to February 1, 1924, and that the expense, including taxes, in making said sales amounted to $10,901.45. It was shown that the method in which petitioners did business in LaGrange was by taking orders and subsequently delivering cars; and that in 1923 Huguley-McCulloh Auto Company sold in LaGrange 25 cars, resulting in an estimated profit of $500. The defendants introduced the affidavit of the clerk of the City of LaGrange, in which he deposed that Fincher-Traylor Company was a resident auto dealer in LaGrange, and that it paid in taxes and licenses to said city for 1923 the sum of $503.75; and that E. R. Taylor, another resident auto dealer, paid in taxes and licenses the sum of $473.50.

The trial judge declined to grant an injunction, and the plaintiffs excepted.

*Leon L. Meadors* and *Morrow & Mitchell,* for plaintiffs.

*L. B. Wyatt* and *Lovejoy & Mayer,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. A city tax on an occupation must be reasonable with reference to such vocation. *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138); *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66 (65 S. E. 184). Legislative grant to a municipality of authority to levy occupation taxes does not confer upon such body the power to impose upon a useful and legitimate business a prohibitory tax. *Morton* v. *Macon,* 111 *Ga.* 162 (36 S. E. 627, 50 L. R. A. 485); *Mayor &c. of Savannah* v. *Cooper,* supra; *Western Union Tel. Co.* v. *Fitzgerald,* 149 *Ga.* 330 (100 S. E. 104); *Williams* v. *Waynesboro,* 152 *Ga.* 696 (111 S. E. 47). Each of plaintiffs had paid the State occupation tax imposed by

the general tax act of December 19, 1923, for selling automobiles in the County of Troup.· Ga. Laws (Ex. Sess.) 1923, p. 20. Under the general tax act, these dealers had to pay to the State an annual occupation tax, graduated according to population, in each county in which they sold automobiles in this State. As Troup County, in which LaGrange is situated, contained· by the census of 1920 a population of more than 3000, each of these dealers paid to the State, under this law, an occupation tax of $85 for doing business in that county. This gave them the right to sell automobiles in LaGrange. Under the undisputed evidence, set out in full in the statement of facts, the occupation tax imposed by the City of LaGrange upon these dealers was prohibitive, excessive, and unreasonable. This being so, the trial judge erred in not granting the injunction prayed by petitioners.

2. This renders it unnecessary to determine whether the ordinance embracing this tax provision violates the uniformity requirement of the constitution of this State as to taxation.

*Judgment reversed. All the Justices concur, except Beck, P. J., dissenting.*