### LANDHAM *et al. v.* CITY OF LaGRANGE *et al.*

Under the facts of this case the trial judge did not err in refusing a temporary injunction.

No attack is made on the ordinance on the ground that it interferes with interstate commerce, and no ruling is made upon that question.

No. 5480. JANUARY 15, 1927.

Petition for injunction. Before Judge Roop. Troup superior court. May 15, 1926.

E. C. Landham and J. D. Anderson brought a petition against the City of LaGrange et al., for injunction and other relief, and alleged in substance the following: E. C. Landham is engaged

---

Hawkers and Peddlers, 29 C. J. p. 220, n. 5; p. 228, n. 26, 30.
Injunctions, 32 C. J. p. 266, n. 76.
Municipal Corporations, 28 Cyc. p. 397, n. 77.

in business in the City of Anniston, Alabama, as proprietor and owner, and Anderson is an employee of Landham in the capacity of salesman. The articles of merchandise sold by plaintiffs are floor-coverings, draperies, and housefurnishings, all of which are sold by retail. The main base of operation of the business is the store of Landham at 28 W. 11th Street, Anniston, Alabama. Anderson while not engaged in the Alabama territory operates as a salesman for Landham in Troup County, Georgia. About every two weeks Anderson loads a truck with merchandise in Anniston, Alabama, drives the truck to Troup County, and in that county makes a house-to-house canvass, taking orders for the sale of goods and making deliveries at the time of taking orders, at which time he takes a partial payment for the goods delivered, and a contract from the purchaser for subsequent payments. The business conducted by Anderson is subject to the special license-tax as set out in section 88 of the general tax act of the extraordinary session of the General Assembly of 1923. The special tax has been paid by Anderson to conduct the business in Troup County for the year 1926. On December 18, 1925, the city council of LaGrange passed an ordinance imposing a special tax upon peddlers peddling on the streets from house to house merchandise or articles of any description, except agricultural products, $200; the ordinance also provides a tax of $50 for furniture dealers operating in the City of LaGrange. It is the purpose of the city authorities to enforce the penalties set forth in paragraph 9 against plaintiffs, and apply the penalties of paragraph 10 as to local merchants residing in the City of LaGrange. The entire gross sales of plaintiffs in the City of LaGrange will approximate $110 a month, which, after deducting the expenses of doing business and the cost of the goods, would leave Landham a profit of approximately $150 a year. The tax sought to be enforced against Landham will amount to more than the profits of the business. The ordinance referred to seeks to place an occupation tax on merchants having a place of business in LaGrange, in the sum of $50, and an occupation tax on itinerant dealers not having a place of business in LaGrange of $200. The marshal of LaGrange has served Anderson with a summons to appear before the recorder's court of the city, to be tried for doing business in violation of the ordinance in question, and has notified both of plaintiffs that it will be

necessary that the tax of $200 be paid before they can proceed to do business in LaGrange. The ordinance is void, in that it imposes a tax of more than thirty per cent. on the net profits of the business of Landham; and in that it seeks to discriminate in the imposition of a specific occupation tax as between resident and non-resident merchants, doing the same class of business. The municipal authorities are threatening and intend to enforce the tax against the plaintiffs, and such enforcement will render the orderly conduct of the business impossible. The ordinance is void in so far as it seeks to operate against the plaintiffs, in that it seeks to destroy, and will destroy if enforced, the rights of plaintiffs to engage in business in LaGrange on an equal footing with the citizens thereof. The enforcement of the $200 penalty as provided by the ordinance will invade the private rights of plaintiffs granted to them under the State laws, which have been complied with. The ordinance is unreasonable in amount, and therefore void; it is unreasonable and discriminatory as applied to non-residents; it is confiscatory and prohibitive, and seeks to create a monopoly for like dealers in the City of LaGrange, as against outside competition; it was intended to lessen competition of LaGrange merchants, and its enforcement will have this effect; it is void as being in violation of section 531 of the Civil Code, which provides that a peddler's license shall extend to the limits of the county. Plaintiffs have no adequate remedy at law, and are forced to resort to a court of equity. They pray that the defendants be enjoined from enforcing the ordinance against plaintiffs; that the occupation tax of $200 be declared null and void as against them. At the interlocutory hearing the plaintiffs introduced a special tax receipt showing that J. D. Anderson had paid to the tax-collector of Troup County $50 for the privilege of peddling for the year 1926 in Troup County. The defendants introduced the affidavits of C. A. Parker, Walter Cogdell, J. L. Hollingsworth, Sig Owen, J. C. Hunter, Joe Spikes, and J. D. Arrington, residents of LaGrange, some of whom deposed that they were engaged in the same line of business as that of plaintiffs, and were familiar with the wholesale and retail prices thereof, and on the usual profits made on this line of business they estimated that the plaintiffs should make a net profit per year from

$2,500 to $4,000. The trial judge refused an injunction, and the plaintiffs excepted.

*M. U. Mooty,* for plaintiffs.　*L. B. Wyatt,* for defendants.

HILL, J. (After stating the foregoing facts.)　The plaintiffs brought a petition against the City of LaGrange, to enjoin the collection of a certain license or business tax against peddlers, peddling on the streets of the City of LaGrange, from house to house, merchandise or articles of any description, for the year 1926, of $200 per annum. The petition alleges that the plaintiffs had paid the special tax of $50 under the general tax act passed at the extraordinary session of the General Assembly of 1923. The petition, which was sworn to, alleged that plaintiffs did make a house-to-house canvass in Troup County, taking orders for the sale of goods and making deliveries at the time of taking the orders, at which time partial payments for the goods thus delivered were paid, etc. Thus it will appear that plaintiffs were peddlers within the meaning of the ordinance passed by the City of La-Grange, imposing a tax of $200 on peddlers within the city. The ordinance is attacked on various grounds which are set out in the foregoing statement of facts; among others that it is excessive, unreasonable, discriminatory, and confiscatory, and therefore void. The case was submitted to the trial judge at the interlocutory hearing on the sworn petition for the plaintiffs, and affidavits introduced by the defendants from numerous residents of LaGrange, who testified that they were familiar with the kind of business in which the plaintiffs were engaged, and that from their knowledge of the business they should make a net profit from such business of from $2,500 to $4,000 a year. After hearing this evidence the trial judge refused to grant the injunction prayed for.

The burden of proving an ordinance unreasonable is on the party attacking it. *Ray* v. *Tallapoosa,* 142 *Ga.* 799 (3), 800 (83 S. E. 938). We are of the opinion that the plaintiffs failed to carry the burden placed upon them by the rule laid down above. The petition, which was sworn to, alleged that, after deducting the expenses of doing business and the cost of the goods, Landham would have a profit of approximately $150 a year. Opposed to this is the testimony of the witnesses above referred to, who placed the profits of the plaintiffs in error at from $2,500 to $4,000 per year. So we can not say, under this evidence which the trial judge

had before him when he refused to grant the injunction, that the special tax was so excessive as to render the ordinance void for that reason. Nor can we say that it was discriminatory, because any merchant of LaGrange who might peddle from house to house within the city would be subject to the same special tax. No question is raised in the record that the City of LaGrange has no right to classify businesses for the purpose of imposing a license tax as between persons of the same class.

The plaintiffs predicate their attack on the ordinance in question on the ruling in the case of *Huguley-McCulloh Auto Co.* v. *LaGrange,* 159 *Ga.* 352 (125 S. E. 799), where this court held: "A municipal ordinance of the City of LaGrange, imposing upon itinerant automobile dealers having no place of business in that city paying open door license, and at which stock subject to taxation is carried, an occupation tax in the sum of $200, is void, because, under the facts of this case, it imposes an unreasonable, excessive, and prohibitive tax." The facts in the *Huguley* case were different from the facts in the present case. There the uncontradicted evidence was that the approximate profits did not exceed $500 after payment of all expenses and losses. So we reach the conclusion, under the facts of this case, that the trial judge did not err in refusing the temporary injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

HINES, J., dissenting. E. C. Landham is engaged in the business of merchandising in Anniston, Alabama. He sells floor coverings, draperies, and housefurnishing goods by retail. J. D. Anderson is a salesman for Landham in Troup County of this State. About every two weeks Anderson loads a truck with merchandise in Anniston, and drives to Troup County, and in that county makes a house-to-house canvass, takes orders for the sale of goods, and makes deliveries at the time of taking such orders. At the time he takes an order for goods a partial payment is made thereon, and the purchaser enters into a contract for subsequent payments upon the purchase-price of the goods purchased. Anderson had paid the special license tax imposed upon peddlers in said county under the general tax act of 1923. The City of LaGrange, by an ordinance passed on December 18, 1925, imposes an occupation tax of $200 on "peddlers peddling on the streets from house

to house merchandise or articles of any description, except agricultural products." This ordinance imposes an occupation tax of $50 upon furniture dealers operating in the City of LaGrange. Said ordinance imposes penalties upon persons peddling in the City of LaGrange without the payment of the above occupation tax. The city is demanding of Anderson the payment of both occupation taxes above referred to. Landham and Anderson filed their petition against the City of LaGrange, in which they alleged the foregoing facts, and made these additional allegations: The gross sales of Landham in the City of LaGrange would approximate $110 per month. After deducting the expense of doing this business and the cost of the goods, there will be left Landham a profit of approximately $150 per year. The tax sought to be enforced against him will amount to more than the profits of the business. Said ordinance imposes an occupation tax on resident merchants of $50, and an occupation tax on itinerant dealers of $200. The marshal of the city has served Anderson with a summons to appear before the recorder's court of the city to be tried for doing business in violation of said ordinance, and has notified both Anderson and Landham that it will be necessary to pay said tax of $200 before they can proceed to do business in said city. Said ordinance is void, because it imposes a tax of more than thirty per cent. on the net profits of the business; because it discriminates between resident and non-resident merchants; because the enforcement of said tax will render the conduct of said business impossible, and will destroy the same. They prayed to enjoin the city from enforcing against them the provisions of said ordinance imposing said occupation tax, on the grounds aforesaid. On the hearing plaintiffs introduced their petition, which was duly verified by Landham. They introduced a receipt showing they had paid the State occupation tax of $50 for the year 1926. The defendants introduced the affidavits of certain residents of LaGrange, in which they deposed that they were familiar with the wholesale and retail prices of the articles dealt in by petitioners, and the usual profits made from this line of business; and they estimated that persons engaged in such business would make profits ranging from $2,500 to $4,000. The trial judge refused to grant the injunction prayed for by petitioners, and to this judgment they except upon the ground that it is contrary to the evidence, the law, and the principles of equity and justice.

It is true that the constitutionality and legality of an occupation tax is to be judged by its effect upon dealers generally, and is not to be held unreasonable because it prohibits financially weak persons from engaging in the occupation taxed. Only those laws or ordinances which impose taxes the general effect of which is confiscatory and oppressive are to be declared unconstitutional or unreasonable. *Wright* v. *Hirsch,* 155 *Ga.* 229 (4) (116 S. E. 795) ; Ohio Tax Cases, 232 U. S. 576 (34 Sup. Ct. 372, 58 L. ed. 737). But the mayor and council of a city have not, under legislative grant of authority to levy occupation taxes, the power to impose upon a useful and legitimate business an unreasonable, confiscatory, or prohibitive tax. *Morton* v. *Macon,* 111 *Ga.* 162 (36 S. E. 627, 50 L. R. A. 485) ; *Mayor etc. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138) ; *Western Union Telegraph Co.* v. *Fitzgerald,* 149 *Ga.* 330 (100 S. E. 104) ; *Williams* v. *Waynesboro,* 152 *Ga.* 696 (111 S. E. 47) ; *Huguley-McCulloh Auto Co.* v. *LaGrange* (supra). This court has held that an occupation tax of $500 upon money-lenders, lending money upon household or kitchen furniture and wearing apparel, was unreasonable. *Morton* v. *Macon,* supra. We have likewise held that a tax of $400 upon an agent selling fresh meats, his salary being but $1,800, was excessive and unreasonable. *Mayor etc. of Savannah* v. *Cooper,* supra. We likewise have held that an occupation tax of $300 on ice dealers in Waynesboro, and $100 additional tax on each wagon employed in such business, was unreasonable, prohibitive, and confiscatory, where the imposition of such tax drove dealers out of that business in that city. *Williams* v. *Waynesboro,* supra.

It is to be conceded that the presumption is always in favor of the reasonableness of an occupation tax, and the burden is upon persons complaining of its unreasonableness to establish the fact that it is unreasonable or prohibitive. The State imposes an occupation tax of $50 upon peddlers in each county where they engage in business. Acts Extraordinary Session 1923, p. 47. Counties impose a tax of $50 upon peddlers doing business therein. Civil Code (1910), § 530. In determining whether the occupation tax imposed by this ordinance upon peddlers is reasonable, we should take into consideration the occupation taxes imposed by the State and counties upon this business. *Huguley-McCulloh Auto Co.* v. *LaGrange,* supra. According to the evidence intro-

duced by the plaintiffs, the tax imposed by this ordinance will drive them out of the business of peddling within the City of La-Grange. According to this testimony the tax will exceed the profits made by the principal petitioner, the other petitioner not participating in the profits and being the employee of the principal petitioner. The city introduced affidavits of resident merchants who are familiar with the line of business done by petitioners, the wholesale and retail prices of goods peddled by them, and the usual profits of such business; and these merchants estimated that the usual profits of such a business ranged from $2,500 to $4,000 per annum. Necessarily these estimates are matters of opinion, and are more or less guesswork. These merchants did not depose that petitioners could make these profits by peddling in the City of LaGrange alone. But granting that petitioners could make from $2,500 to $4,000 per annum in conducting their peddling business in the City of LaGrange, is this occupation tax of $200 unreasonable? If petitioners earn $4,000 as profits per annum, this tax amounts to five per cent. of that sum. If they earn $2,500 per annum, this tax amounts to eight per cent. of such earnings. As a matter of law it should be held that a municipal occupation tax which takes from 1/12-½ to 1/20 of the usual net earnings of peddlers is unreasonable and confiscatory. This business is a lawful pursuit. It does not bring about idleness and breed vagrancy and crime. While peddling on foot and with pack is not a calling of the highest dignity, it is perfectly lawful and is also useful. Peddling by truck or automobile is engaged in by many of the biggest concerns in the country. Oil companies deliver gasoline from filling-station to filling-station by truck. They likewise deliver oil from station to station, from store to store, and from residence to residence. Meat packers do the same thing. Manufacturers of various articles likewise do the same thing. Grocery merchants deliver their goods for cash on delivery or on account in the same way. The right to make a living should be as free as is reasonably possible. People should be encouraged to engage in useful, gainful, and lawful occupations. Work conduces to the individual and general welfare. It builds character. It is a safeguard against crime and disorder. It should be encouraged in all legitimate ways. For a municipality to take 1/12-½ or 1/20 of the annual profits which peddlers

37

usually make, in the shape of an occupation tax, in addition to the taxes imposed by the State and county, is unreasonable and confiscatory, and amounts to a prohibition of people engaging in such occupation. This case is controlled by our decision in *Huguley-McCulloh Auto Co.* v. *LaGrange,* supra. The Chief Justice concurs in this dissent.