### KEELY *vs.* THE CITY OF ATLANTA.

The charter of the city of Atlanta confers authority to lay a business tax as high as $200; it provides that where any person has to pay an *ad valorem* tax on merchandise or materials sold, such persons shall not be required to pay more than $25 specific business tax. The next section provides that the city may "pass such ordinances as might be necessary or proper to carry the previous section into effect; also, to classify business and arrange the various businesses, trades and professions carried on in said city into such classes and subjects for taxation as may be just and proper :"

*Held*, that, construing both sections together, the municipal authorities have power to divide the general business of merchandise into specific classes, such as dry goods, boots and shoes, millinery, etc., provided such classification be just and proper, and to levy a tax on each of such classes.

(*a.*) Where such a tax is laid, if one person conducts several different kinds of business, he will be liable to a tax on each, although the different branches of business may all be conducted in the same building.

(*b.*) The policy of the ordinance is a question for the citizens to settle at the polls, not for the courts to decide.

November 14, 1882.

Tax. Municipal Corporations. Before Judge HILL-YER. Fulton County. At Chambers. September 12, 1882.

The new charter granted to the city of Atlanta in 1874

authorized the mayor and general council to require persons carrying on any business, trade, calling, avocation or profession within the corporate limits to register and pay a license, not exceeding $25.00 per annum. By the act of 1879, this was changed to $200.00 per annum, but it was provided that no person who might be required by ordinance to pay tax *ad valorem* on merchandise and materials should be required to pay more than $25.00 specific business tax annually. The second section gave authority "to pass such ordinances as may be necessary and proper to carry the foregoing section into effect ; also, to classify business and arrange the various businesses, trades or professions carried on in said city into such classes of subjects for taxation as may be just and proper." Under this act, the city passed a tax ordinance classifying and defining what constituted a legitimate line of goods for each particular business, and providing that when any person should carry on in the same place more than one pursuit or occupation, he should be taxed for each different and separate line and character of goods.

John Keely, a merchant in the city of Atlanta, sold different kinds of goods in his store, comprising dry goods, boots and shoes, and millinery. Each of these departments was arranged separately, but all were conducted in the same general store and under one roof. Keely tendered $25.00 to the city, together with the clerk's fee, and requested a license. The city declined to issue it unless he would pay a license for each class of goods sold, and were about to proceed to collect the same. Keely thereupon filed his bill to compel the issuing of the license to him, and to enjoin the collection of more than $25.00. The injunction was refused and he excepted.

GEORGE N. & D. P. LESTER; CANDLER & THOMSON; B. F. ABBOTT, for plaintiff in error.

W. T. NEWMAN, for defendant.

JACKSON, Chief Justice.

The case before us is an application by bill in equity for an injunction to restrain the city of Atlanta from imposing a tax on the complainant greater than twenty-five dollars, for the business in which he is engaged as a merchant, selling ordinary dry goods, shoes and millinery, in said city. The tax is imposed by an ordinance of the city, and the point is made that the city has no right to levy but one tax of twenty-five dollars on this merchant under the charter granted by the general assembly; whereas, the city contends that selling dry goods, in the ordinary sense of those words, is one specific business, boots, shoes, etc., another, and millinery a third, and that by the acts amendatory of the charter, the city is empowered to classify these different species of the genus merchandise into their specific divisions.

The question turns on the construction of the act of the 3d of September, 1879. This act confers authority to tax business as high as two hundred dollars, the authoity before by the act of 28th of February, 1874, having been limited to twenty-five dollars. The same section of the act of 1879 provides, that where any person has to pay an *ad valorem* tax on merchandise or materials sold, such person shall not be required to pay more than twenty-five dollars specific business tax.

The next section, the second, provides that the city may "pass such ordinances as might be necessary or proper to carry the first section into effect; also, to classify business and arrange the various businesses, trades and professions carried on in said city into such classes of subjects for taxation as may be just and proper."

We think that the words "specific business," in the first section of the act, construed in connection with the powers given in the 2d section to "classify business" and "arrange the various businesses into such classes of subjects for taxation as may be just and proper," do confer

power on the city so to classify the general business of merchandise into the classes of the specific business of general dry goods, of boots and shoes, and of millinery, provided such classification "be just and proper." Many merchants in Atlanta are engaged in the mercantile business of selling ordinary dry goods alone, others in the business of selling boots and shoes alone, and others in the millinery business alone. Each of these pays the specific tax of twenty-five dollars as a business tax. Is it unjust that one who engages in all three shall pay a specific tax of the same amount on each that he engages in ? Or is it improper? We cannot see either the impropriety or the injustice of it, and we therefore hold the ordinance in this respect just and proper, and not *ultra vires*, on the ground of impropriety or injustice.

The general business of merchandise may well be specified as millinery business, or hats, shoe and boot business, or ordinary dry goods business, and the ordinance is not *ultra vires*, because one who pays an *ad valorem* tax is also required to pay a business tax of twenty five dollars on each of these specific businesses.

So, too, the power "to classify business and arrange the various businesses * * * into such classes of subjects for taxation as may be just and proper," seems to us to be conclusive. It was given on purpose to enable the city to avoid the injustice of allowing one person engaged in trade or merchandise to pursue various trades and various branches of distinct merchandise, which might be justly and properly subdivided into classes by the payment only of one business tax, while his neighbor, who dealt only in one trade or in one branch of merchandise, was compelled to pay the same tax.

Suppose the complainant sold in one store what is ordinarily called dry goods only, and in another store shoes, boots and hats, and in a third store millinery, could it be held that the payment of one tax, as a specific business tax, would allow him to engage in these three classes of

merchandise? Certainly not. What difference can it make if he spreads out one store so wide as to cover the three classes under one roof in distinct parts of the same store?

Clearly the ordinance is within the authority conferred on the city. If it be not good policy to pass the ordinance, that is matter for the citizens to consider in the election of mayor and aldermen and council, and to select such as will change the ordinance to accord with the popular will. The only points for a court to adjudicate are in respect to the power of the city under its chartered rights, and the keeping that power within the restriction which the charter imposes, which is that the classification be not improper or unjust.

Judgment affirmed.