WILDER & COMPANY *vs.* MAYOR, ETC., OF SAVANNAH.

1. Under the charter of the city of Savannah (Code, §4847) the municipal authorities have power to classify and arrange the various businesses, trades, etc., carried on in the city, into such classes of subjects for taxation as may be just and proper.   Where such classification has been made, and a tax imposed upon persons en-

gaged in the business of commission merchants or factors, and also upon agents of steamboats and vessels, and upon agencies for ocean steamships, persons conducting more than one of these businesses could be required to pay a tax upon each, unless it should be made to appear that there was a custom of conducting the two occupations together of such universal practice as to justify the conclusion that by implication they were one and the same business.

2. Authority to tax all persons exercising any profession or business may be exercised by taxing each member of a firm so engaged separately.

February 9, 1884.

Municipal Corporations. Taxes. Custom. Partnership. Before Judge ADAMS. Chatham Superior Court. June Term, 1883.

Reported in the decision.

J. R. SAUSSY, for plaintiffs in error.

H. C. CUNNINGHAM, for defendants.

HALL, Justice.

There are only two questions in this case which it is material to consider, raised by the facts which appeared upon the trial :

(1.) Whether commission merchants, who unite with that department of business an agency for steamboats. vessels, or other agency, are subject to a separate city tax upon such branch of the business; and

(2.) Whether each individual of a firm conducting such business is liable to the said tax.

The mayor and aldermen of the city of Savannah, by their tax ordinance, passed February 6, 1879, imposed a business tax on every commission merchant or factor, each and every individual member of a firm or partnership, fifty dollars. Every steamboat, vessel or other agency, fifty dollars. Every agency for ocean steamships, one hundred dollars.

The plaintiffs in error were, at the time of the levying of the said taxes, commission merchants, and each firm was composed of two or more members, doing business in the city, and engaged in the shipping business, being agents for vessels, both steam and sail, and both regular lines and transient ships. They tendered to the municipal authorities a business tax of fifty dollars to cover their said business as commission merchants, and by their bill of complaint sought to enjoin the municipal authorities from collecting any further or other business tax from them. They alleged that, as commission merchants in a seaport, it was a part of their legitimate business, and incident thereto, to be the agents and consignees of vessels; that for such business they charged and received regular commissions; that the commission business in the consignment of ships was not a distinct and separate business, but as much a part of a commission and factorage business in a seaport as the consignment of cotton or produce. The defendant in error offered no testimony, and the court charged the jury that the complainants were liable to the taxes sought to be enjoined, and directed them to render a verdict in favor of the defendant.

1. The legislative grant of the taxing power to the authorities of the city of Savannah, is quite liberal and comprehensive; they are authorized to levy such taxes and make such assessments as they may deem expedient for the safety, benefit and advantage of the city, not expressly prohibited or exempted by the state law, or competent authority of the United States, upon the inhabitants carrying on any business in the city, upon real and personal property therein located, " capital invested therein, stocks in money corporations, choses in action, income and commissions derived from the pursuit of any profession, faculty, trade or calling, dividends, banks, insurance, express, and other agencies, and all other property or source of profit." Code, §4847.

In the *Mayor and Aldermen of Savannah vs. Feely*, 66 *Ga.*, 31, 37, this court held that, whether the right to tax omnibuses, baggage wagons and other vehicles run by a livery stable keeper, who had paid his city tax for the livery stable alone, to and from the railroad depots in Savannah, was included in that tax, would depend upon the custom of such trade or business in the city; but that the custom was binding on the city authorities only when it was of such universal practice as to justify the conclusion that by implication the two occupations were one and the same business.

There was, in the present case, no evidence whatever of a universal practice, to justify the conclusion that the occupations united by the complainants were one and the same business. That they were and had been united in specified instances, was not proof of a custom so universal as to make it binding. *Robertson vs. Wilder & Co.*, 69 *Ga.*, 340. Under the charter of the city of Atlanta, a merchant doing a dry goods business united therewith several branches of trade usually treated as distinct therefrom, and having paid the tax on his principal occupation, resisted that which was imposed on the others he had combined therewith, but he was held liable for each separate imposition. *Keely vs. The City of Atlanta*, 69 *Ga.*, 583. It is true that, in this instance, express authority was given " to classify and arrange the various businesses, trades, etc., carried on in the city, into such classes of subjects for taxation as might be just and proper. In what does this differ from a discretionary power to lay such taxes and make such assessments as may be deemed expedient for the safety, benefit and advantage of the city? We can perceive none but a verbal difference; in substance the two grants are identically the same.

2. The question as to taxing the individual members of firms *per capita* is controlled by the decision of this court, in *Lanier vs. The Mayor, etc., of Macon*, 59 *Ga.*, 187.

There was no error in the several rulings of the court be-
low, and no other verdict than that returned could have
been rendered.

Judgment affirmed.