## ATLANTIC POSTAL TELEGRAPH-CABLE COMPANY *v.* MAYOR AND ALDERMEN OF SAVANNAH *et al.*

Where an attack is made on the reasonableness of an ordinance because of certain extrinsic facts, the burden is on the party attacking the ordinance to prove such facts, and upon his failure to carry this burden the ordinance will not be declared invalid. In this case the plaintiff failed to carry the burden of proof.

AUGUST 16, 1911.

Equitable petition. Before Judge Charlton. Chatham superior court. July 9, 1910.

*Anderson, Felder, Rountree & Wilson* and *Garrard & Meldrim,* for plaintiff.

*Samuel B. Adams* and *Robert J. Travis,* for defendant.

EVANS, P. J. When this case was before us on a writ of error to the judgment dismissing the petition on demurrer, it was held that the allegations of the petition were sufficient to call upon the city to show that the tax was reasonable, either by contesting the truth of the plaintiff's allegations or by showing other matters which might tend to explain or lessen the evidentiary value of the plaintiff's allegations, if proved on the trial. 133 *Ga.* 66 (65 S. E. 184). The case as made by the petition was, that there were two telegraph companies operating in Savannah, the Western Union and the plaintiff; that the former was a pioneer in the field and possessed certain advantages because of that fact, and the number of offices and the interstate and intrastate business of both companies were compared; that the plaintiff did an unprofitable business, although it was conducted as conservatively and judiciously as the Western Union's, and that its business was proportionately equal to that of the Western Union. The inference of fact sought to be established by these allegations was that the tax was unreasonable when considered in connection with the total telegraph business done in Savannah, and the demand of such a tax tended to promote a monopoly, as it could only be paid by the Western Union because of its superior advantages, which were not obtainable by other telegraph companies. On the trial the plaintiff submitted proof tending to show that it operated its Savannah office at a loss, but failed to submit evidence to establish the allegations of its petition upon which we placed our decision in passing on the demurrer. The isolated fact that the business of the plaintiff

42

was conducted at a loss does not make the tax excessive. An occupation tax only becomes unreasonable when applied to the municipality as a whole. *Mayor etc. of Savannah* v. *Cooper*, 131 *Ga.* 676 (63 S. E. 138). The burden was on the plaintiff to show the unreasonableness of the tax, and it failed to submit evidence sufficient to overcome the presumption in favor of the reasonableness of the ordinance. Under such circumstances it is idle to inquire into the correctness of the criticism on the charge, or the appositeness of the requests to charge which were denied. "Wrong directions which do not put the traveler out of his way furnish no reason for repeating the journey." · *Cherry* v. *Davis*, 50 *Ga.* 454, 456.

*Judgment affirmed. Beck, J, absent. The other Justices concur.*