RAY *et al. v.* CITY OF TALLAPOOSA *et al.*

HILL, J. The petition in this case was for the purpose of obtaining an injunction to prevent the collection of an occupation or business tax, on the grounds that the municipality was without power to enact the ordinance imposing the tax, and because it was arbitrary, unreasonable, unjust, and confiscatory. The ordinance attacked is penal in its nature, but it is alleged that its enforcement would cause irreparable property injury. *Held:*

1. Under the charter of the City of Tallapoosa, the authorities of that municipality have the power to levy an occupation or business tax. Acts of 1896, p. 247, §§ 7, 14.

2. The municipal authorities of said city, under its charter, also have authority to make a reasonable classification of the general business of merchandise into specific classes, and to levy a tax on each of such classes. And, "where such tax is laid, if one person conducts several kinds of business, he will be liable to a tax on each, although the different branches of business may all be conducted in the same building." *Keely* v. *City of Atlanta,* 69 *Ga.* 583; *Wilder* v. *Mayor &c. of Savannah,* 70 *Ga.* 760 (48 Am. R. 598); *City Council of Augusta* v. *Clark,* 124 *Ga.* 254 (52 S. E. 881).

(a) The city has authority, under its charter, to require those coming within the classifications therein contained to take out a license, and to make it penal to do business without first procuring a license.

(b) Nor is the tax so laid dependent upon the amount of business conducted by a particular individual; but if the particular business in that municipality as a whole justifies the tax, it is not invalid as being unreasonable because certain merchants do a very small amount of business. *Postal Tel.-Cable Co.* v. *Cordele*, 141 *Ga.* 658, 665 (82 S. E. 26).

3. The burden of proving an ordinance unreasonable on account of certain extrinsic facts is on the party attacking it, and an ordinance will not be declared invalid as being unreasonable where the party attacking it has failed to carry this burden. *Atlantic Postal Tel.-Cable Co.* v. *Savannah*, 136 *Ga.* 657 (71 S. E. 1115).

4. The evidence failed to make out a case for the plaintiffs, entitling them to an injunction, and the court did not err in refusing to grant one.
*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
December 15, 1914.

Petition for injunction. Before Judge Edwards. Haralson superior court. July 15, 1914.

*Griffith & Matthews,* for plaintiffs.
*Lloyd Thomas* and *George W. Sheppard,* for defendants.