## TOWN OF DEXTER *et al.* *v.* WESTERN UNION TELEGRAPH CO.

1. The general rule is that equity will not enjoin the prosecution of criminal offenses; but there are cases where equity will enjoin such prosecutions. This case falls within the latter class.
2. It cannot be said as a matter of law, under the meager evidence in the record, that an ordinance fixing an annual occupation tax of $5 on a telegraph company doing business within a town, on intrastate business, where the gross annual income is shown to be $70.68, and the expenses of the local office are not definitely given, is so unreasonable, excessive, and confiscatory as to be void.
(a) Where an attack is made on an ordinance fixing an occupation tax, because of extrinsic facts, the burden is on the party attacking to prove the allegations of the petition; and on failure to carry such burden the ordinance will not be declared invalid. The plaintiff failed to carry the burden in the instant case.

No. 1767. June 18, 1920.

Injunction. Before Judge Kent. Laurens superior court. October 30, 1919.

*S. P. New,* for plaintiffs in error.

*Brewster, Howell & Heyman* and *Mark Bolding,* contra.

HILL, J. 1. The Western Union Telegraph Company brought suit against the Town of Dexter and others, to enjoin the collection of an annual occupation tax of $5 imposed upon the telegraph company by the town. The case was submitted to the trial judge for decision without the intervention of a jury; and he heard and determined all issues of law and fact. After the introduction of

evidence by the plaintiff (no evidence being offered by the defendants), the court rendered a decree permanently enjoining the collection of the tax, on the grounds set out in the petition, viz., that the same was unreasonable and void, confiscatory in character and amount, and, "it being twice as high as the tax heretofore levied and collected in the said town." The prayers of the petition were not only to enjoin the collection of the tax, but from prosecuting the criminal charge for failure to pay, or from arresting or in any manner punishing H. S. Wilson, the manager and agent in charge of the business of the company. To this judgment the defendants excepted.

The criminal prosecution is a mere incident to enforce the collection of the tax sought to be enjoined, and the case falls within that class, the last of which was *Baldwin* v. *City of Atlanta,* 147 *Ga.* 28 (92 S. E. 630). This class of cases is to the effect that equity will enjoin criminal prosecutions under certain circumstances there set out. The instant case does not fall within the other class, which holds that a court of equity, as a general rule, will not enjoin prosecutions for criminal offenses, etc. See cases cited in the *Baldwin* case, supra.

2. The ordinance of the Town of Dexter imposed an annual tax of $5 upon the intrastate business done by the telegraph company in the Town of Dexter, and the ordinance specifically provides that such tax is not imposed upon the interstate business. The evidence introduced on the trial of the case was very meager. It showed that the gross annual receipts from the intrastate business done at Dexter were $70.68, but the record does not disclose definitely what the expenses of the Dexter office were. The nearest approach to it was as follows: "25.1 of the entire expenses for said year in Georgia is the expense apportionable to the intrastate expense." From this meager evidence counsel for the defendant in error makes a calculation in his brief in which he reaches the conclusion that the expenses on intrastate business in the Town of Dexter are $65.596+. The burden of proof is upon the plaintiff to make out its case; and where such attack is made because of extrinsic facts, the ordinance will not be declared invalid where the party attacking fails to carry such burden. The evidence in this case does not sustain the allegation that the tax imposed by the ordinance of the Town of Dexter is excessive, discriminatory, or

confiscatory. We cannot take the calculation in the brief of the defendant in error as showing what the expenses of the office were, or as supplying the omitted facts necessary for that purpose. The presumption is in favor of the ordinance, and that the tax of $5 is a reasonable one. As already indicated, the burden is on the party attacking the ordinance to show that it is invalid, and upon failure to carry this burden the ordinance will not be declared invalid. *Atlantic Postal Tel. Co.* v. *Savannah,* 136 *Ga.* 657 (71 S. E. 1115). The plaintiff failed to carry the burden of proof in the instant case; and the trial court therefore erred in holding that the ordinance complained of is illegal and void for the reason set out in the petition, and in permanently enjoining the Town of Dexter from collecting the tax.

*Judgment reversed. All the Justices concur.*