## CARTER *v.* DOMINEY, tax-collector, *et al.*

1. In this State the constitutionality of a statute will not be determined in any case unless such determination is necessary in order to determine the merits of the suit in which the constitutionality of the statute has been drawn in question. Accordingly, where a plaintiff sought to enjoin the collection of a tax, levied against a stranger, out of property alleged to belong to the plaintiff, on the ground that the statute under which the tax was levied was unconstitutional, and at an inter-

locutory hearing it appearing that an issue was raised by the pleadings as to the ownership of the property by the plaintiff, upon which no evidence was introduced, and the judge refused an interlocutory injunction, on exception to such judgment this court will not inquire into the constitutionality of the statute.

2. Under the rules of this court assignments of error which are not insisted upon in the briefs of the attorneys for the plaintiff in error will be treated as abandoned.

No. 3630. JANUARY 15, 1924.

Petition for injunction. Before Judge Kent. Laurens superior court. February 1, 1923.

The sheriff of Laurens County levied a fi. fa. issued by the tax-collector against J. Warren Carter, for school taxes due the Scott School District for the year 1921, on a described tract of land. Mrs. Georgia Carter instituted an action against the officers to enjoin further proceeding under the fi. fa., and for a decree of cancellation. The original petition alleged that the land was formerly owned by J. Warren Carter and was returned by him for taxes in the year 1921, but that subsequently petitioner became its owner. The fi. fa. was alleged to be illegal, because the land being located in the Carter's Spring School District in Laurens County, the board of education of Laurens County, on January 4, 1921, without authority of law cut off a portion of such school district including the land above mentioned, and added it to the Scott School District of the adjoining County of Johnson; that the boards of education of the two counties did not "comply with the law relative to a consolidation of lands located in two separate counties into one school district," and consequently there was no authority of law for levying a tax for Scott School District on the property involved. The defendants answered, alleging that for want of information they could neither admit nor deny the allegation that the petitioner owned the land, and calling for proof of such allegation; also denying that the boards of education had failed to comply with the law relating to the creation of school districts containing territory in two adjoining counties; also alleging that the petitioner had an adequate remedy at law by filing a statutory claim. Afterward the plaintiff amended the original petition by alleging that the action of the board of education of Laurens County in granting territory located in Laurens County to the Scott School District of Johnson County was based upon a specified provision

of the act of 1919 (Acts 1919, p. 334) which provided: "By concurrent consent and action, boards of education of two or more adjoining counties may lay off and define school districts without regard to county lines; provided, that the board of education of the county in which the schoolhouse is located shall have supervision of same; and provided, that the ordinary of the county in which the schoolhouse is located shall order the election; and provided, that the tax-collector of each county from which territory has been cut shall collect the school-tax levies by the trustees of the school district thus formed in the territory cut from his county, and shall pay the same when collected to the authorized officer of the board. And provided further, if either county votes county-wide local taxation for schools, thus automatically absorbing existing local tax districts into the county-wide system, that in such cases that part of any existing local tax district lying outside of the county so voting the county-wide local school tax shall be also automatically included for purposes of school support and administration in the county so voting the county-wide local school tax, so as not to interfere with existing local school conditions," and that such portion of the act is void for the reason that it is violative of article 8, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6579), which "limits the authority of counties, militia districts, school districts, and municipal corporations, in establishing and maintaining public schools, to their respective limits;" also that the action of the board of education is void, "for the reason that it turns over to the Scott School District of Johnson County . . a fund raised by taxation on land located in a school district of Laurens County," in violation of the above-mentioned provision of the constitution. The trial judge refused a temporary injunction, and the plaintiff excepted. No evidence was brought to this court. It was stated in the bill of exceptions that "upon the original petition, the answer of the defendants thereto, and the amended petition the case proceeded to trial, there being no evidence introduced by either party." Error was assigned on the judgment refusing an injunction, on the general ground that the judgment was contrary to law, and also on the specific ground that the judge erroneously held that there was no equity in the petition or merit in the grounds of attack on the constitutionality of the statute.

*Burch & Daley* and *Adams & Camp,* for plaintiff.

*C. C. Crockett* and *E. L. Stephens,* for defendants.

ATKINSON, J. 1. The tax execution was against J. Warren Carter for taxes on land owned by him. J. Warren Carter makes no complaint, but the suit is by Mrs. Georgia Carter as alleged successor in title of J. Warren Carter after the tax execution had issued. The answer of the defendants raised an issue as to the ownership of the property by Mrs. Carter, on which no evidence was introduced. The burden of proof was upon the plaintiff; and as there was no evidence to support the allegation as to ownership of the property, there was failure to make a case showing that the plaintiff had any interest to be protected, or that she had any right to complain of the enforcement of the tax execution against the land. Whether or not the statute was constitutional, the plaintiff would have no right to enjoin the tax; and consequently in the circumstances it is not necessary for a proper decision of the case to determine the constitutionality of the statute under which the tax was levied. It is a well-recognized rule in this State that the constitutionality of a statute will not be determined in any case, unless such determination is necessary in order to determine the merits of the suit in which the constitutionality of the statute has been drawn in question. *Armstrong* v. *Jones, 34 Ga.* 309 (3) ; *McGill* v. *Osborne,* 131 *Ga.* 541 (62 S. E. 811) ; *Jones* v. *L. & N. Railroad Co.,* 132 *Ga.* 11, 14 (63 S. E. 627) ; 12 Corpus Juris, 780, § 212, and decisions in note 98; 6 R. C. L. 76, §§ 74, 75. In the circumstances no decision will be made as to the constitutionality of the statute. *Witherow* v. *Board of Drainage Com.,* 155 *Ga.* 476 (4) (117 S. E. 329).

2. In the brief of the attorneys for the plaintiff in error filed in this court, the only assignment of error insisted upon as a basis for reversal of the judgment refusing an interlocutory injunction is that which relates to alleged unconstitutionality of the statute under which the tax was levied. In these circumstances all other assignments of error will, under the rulings of this court, be treated as abandoned.

*Judgment affirmed. All the Justices concur.*