MYSTYLE HOSIERY SHOPS INC. *v.* HARRISON, Comptroller-general, *et al.*

GILBERT, J. The general tax act approved August 29, 1929 (Ga. Laws 1929, pp. 58, 71), paragraph 109, provides: "Under the police powers of this State, the business of conducting chain stores and/or a chain of stores, for the selling of any kind or merchandise, hereby is classified

as a business tending to foster monoply; and there is hereby levied upon each and every such person, firm, or corporation, owning, operating, maintaining or controlling such a chain of stores, [a] consisting of *more than five stores,* the sum of $50.00 for each store. [b] 'Chain of stores' as used herein shall mean and include *five or more stores,* owned, operated, maintained, or controlled by the same firm, person, or corporation, in which goods, wares, or merchandise of any kind are sold at retail in the State of Georgia. [c] Provided that the provisions of this paragraph shall . . apply to each and every chain of stores as herein defined." Mystyle Hosiery Shops Inc. operates and maintains five retail stores in the State of Georgia. The sole question is whether such stores are taxable $50.00 each under the above-stated tax provisions. *Held:*

1. "'Statutes which impose restrictions upon trade or common occupations, and which levy an excise or tax upon them, must be construed strictly;' 'statutes levying duties or taxes upon subjects or citizens are to be construed most strongly against the government and in favor of their subjects or citizens, and their provisions are not to be extended, by implication, beyond the clear import of the language used;' 'revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden.' *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23." *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412, 414 (49 S. E. 262).

2. The tax act of 1929 above mentioned, construed according to the rule above stated, levies a tax only where there are more than five stores owned, operated, or controlled by the same person, firm, or corporation.

3. The constitutionality of the act is also brought in question; but under a familiar rule, constitutional questions will not be decided where the case can be properly decided without deciding such questions. *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811); *Carter* v. *Dominey,* 157 *Ga.* 167, 170 (121 S. E. 236); *Minter* v. *State,* 158 *Ga.* 127, 136 (123 S. E. 23).

4. It follows from the above that the court erred in sustaining the general demurrer to the petition seeking to enjoin the tax.

*Judgment reversed. All the Justices concur.*

No. 7845. November 11, 1930.

*Howell, Heyman & Bolding* and *Herman Heyman,* for plaintiff.
*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Robert B. Troutman, Robert S. Sams, Frank Carter,* and *J. P. Wilhoit,* for defendants.