COLLIER, administrator, *v.* CITY OF BARNESVILLE.

GILBERT, J. The City of Barnesville paved one of its streets, and at the same time laid under the pavement water and sewer pipes, and charged the entire expense for all of such improvements to owners of abutting property, upon authority of the act of the General Assembly approved July 30, 1927 (Ga. Laws 1927, p. 888). By ordinance it assessed against the property of Mrs. E. R. Stevens' estate, J. C. Collier, administrator, the sum of $867.01, to pay the amount claimed to be due by the estate for the improvements opposite its property. The amount not having been paid, execution was issued. Collier, administrator, filed an affidavit of illegality attacking the legality of the assessment, for the reason that the act of the General Assembly, supra, did not authorize the laying of the water and sewer pipes under the pavement, but only authorized the laying of the pavement, and therefore that the municipality was without jurisdiction to lay the pipes and to assess the cost thereof against owners of abutting property. The affidavit further alleged that the amount assessed against the estate of Mrs. Stevens "included a charge for material and labor for installing new water-mains and sanitary sewers; to the amount of $63.97, not authorized by said property owners or by the resolution of the mayor and council." After providing for the issuance and levy of executions for the cost of the paving, the act in question contains the words (p. 898): "provided that the defendant shall have the right to file an affidavit denying that the whole or any part of the amount for which said execution is due, and stating what amount he admitted to be due, shall be paid or collected before the affidavit is received, and the affidavit received for the balance." *Held:*

1. The City of Barnesville clearly had jurisdiction to pave Thomaston Street, under authority of the act cited.

2. The allegation that $63.97 was a charge for installing water-mains and sewers admits that the assessment made against the property is valid, binding, and due, less said $63.97. In such case the amount admittedly

740

due must be paid to the municipality as a condition precedent to contesting the part claimed to be illegal. The amount due not having been paid, the Court of Appeals did not err in affirming the judgment of the trial court overruling the affidavit of illegality. *Hardwick* v. *Dalton*, 140 *Ga.* 633 (79 S. E. 533) ; *Norman* v. *Moultrie*, 157 *Ga.* 388, 392 (121 S. E. 391).

3. Since the foregoing ruling is controlling as to the result, it is unnecessary to discuss other issues raised in the petition for certiorari.

*Judgment affirmed. All the Justices concur.*

No. 9218. MARCH 18, 1933.

*Beck, Goodrich & Beck,* for plaintiff in error.
*Claude Christopher* and *Little, Powell, Reid & Goldstein,* contra.