## 24458. NATIONAL LINEN SERVICE CORPORATION v. MAYOR AND ALDERMEN OF MILLEDGEVILLE.

DECIDED APRIL 22, 1935.

*Herbert J. Haas, Bertram S. Boley, Frank W. Bell,* for plaintiff in error.

*Hines & Carpenter,* contra.

JENKINS, P. J. █ The only decision which appears to have been made by the Supreme Court in the former litigation between the parties hereto (*National Linen Service Corporation* v. *Mil-*

*ledgeville,* 177 *Ga.* 826, 171 S. E. 568) was to the effect that the interlocutory injunction sought against the city was properly refused, for the reason, as held in *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489), cited therein, that "no arrest [had] been made, no property levied upon, and no other interference with the person or property rights of the petitioner" had occurred, and "the petition [was] based upon a mere apprehension that such [might] be done by the municipality."

■ "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought." *Peoples Credit Clothing Co.* v. *Atlanta,* 173 *Ga.* 653 (160 S. E. 873). Thus, where, as in paving assessments and like cases, the legal and illegal portions of the tax or assessment appear from the affidavit of illegality or bill in equity to be capable of differentiation, and are ascertainable in separate amounts, a tender of the legal portion is a condition precedent to the relief of the taxpayer. *Hardwick* v. *Dalton,* 140 *Ga.* 633 (79 S. E. 553) ; *VanDuzer* v. *Irvin,* 138 *Ga.* 524, 527 (75 S. E. 649) ; *Bower* v. *Bainbridge,* 168 *Ga.* 616, 626 (148 S. E. 517) ; *Norman* v. *Moultrie,* 157 *Ga.* 388, 391-392 (121 S. E. 391) ; *Collier* v. *Barnesville,* 176 *Ga.* 739 (2) (168 S. E. 774) ; *Lanham* v. *Rome,* 136 *Ga.* 398, 402 (71 S. E. 770) ; *City of Camilla* v. *Cochran,* 160 *Ga.* 424, 430 (128 S. E. 194) ; *Wood* v. *Rome,* 24 *Ga. App.* 115 (100 S. E. 74) ; *Burns* v. *Atlanta,* 22 *Ga. App.* 381, 382 (96 S. E. 11). In some jurisdictions the same rule has been applied even though the precise amount of the legal tax or assessment may not be immediately determinable, provided the approximate amount which ought to be paid plainly and clearly appears. German National Bank *v.* Kimball, 103 U. S. 732 (26 L. ed. 469) ; State R. Tax Cases, 92 U. S. 575 (23 L. ed. 663). But it is equally true, as held in *City of Macon* v. *Ries,* 179 *Ga.* 320 (4) (176 S. E. 21), quoting language of the United States Supreme Court in Norwood *v.* Baker, 172 U. S. 269, 293 (19 Sup. Ct. 187, 43 L. ed. 443), that "the general rule requiring payment or tender of the amount actually due as a condition to equitable relief against the illegal portion of the tax has no application to a case where the entire tax fails by reason of an illegal assessment." Where, there-

fore, an *entire ordinance,* such as in the instant case, imposing a license tax of $100 on "linen supply houses" is attacked as "unreasonable, arbitrary, confiscatory, and therefore void," even though it be further alleged as the basis or reason for the attack that "the amount of said license tax is unreasonable, prohibitory, arbitrary [and] confiscatory," the rule announced in the *Norwood* case, quoted and followed in the *Ries* case, must be given application, since the present case, as in those cases, "is not one in which—as in most of the cases brought to enjoin the collection of taxes or the enforcement of special assessments—it can be plainly or clearly seen . . that a particular amount, if no more, is due from the [defendant in execution], . . which amount should be paid or tendered," but "it is rather a case in which the entire assessment is illegal." Without the ordinance, no amount of license tax would be due or determinable. The party attacking the validity of the ordinance is without power to exercise what would amount to a judicial function in determining and putting in operation a tax in the proper amount. Accordingly, it was error to dismiss the affidavit of illegality on general demurrer, on authority of the rule adopted in paving assessment and similar cases, on the ground that the defendant in execution was "bound to pay to the levying officer or tender to said . . officer said reasonable amount," and that for this reason "it is not necessary to pass on the other issues in said case."

■ "The mayor and council of a city have not . . the power to impose upon a useful and legitimate business a prohibitory tax" which would require an abandonment of the business. *Morton* v. *Macon,* 111 *Ga.* 162, 165 (36 S. E. 627, 50 L. R. A. 485); *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66 (2), 72 (65 S. E. 184). "An occupation tax must be reasonable in amount, and must not be discriminatory, confiscatory, or prohibitive." *Williams* v. *Waynesboro,* 152 *Ga.* 696 (2), 702 (111 S. E. 47). The actual experiences of those engaged in the occupation within the municipality, including the complaining party, as to whether their business has been and could at the time involved be conducted with normal and reasonably efficient methods at a loss or without a reasonable profit if the tax were paid, are pertinent, together with all other facts and circumstances as to the relation of the levying ordinance and the amount of tax to the conduct of

the business as a whole in that community. But "the success or failure of a corporation or individual in the prosecution of a particular business will not be conclusive upon the reasonableness or unreasonableness of the municipal tax upon that business." A loss there "is only a circumstance to be considered in adjudicating the reasonableness of the tax." *Atlantic Postal Telegraph Co.* v. *Savannah,* supra. The reasonableness of the ordinance is to be determined by the question as to whether or not the conditions in the particular municipality will as a whole justify the tax on such a business when operated with reasonable efficiency, since a tax which is reasonable might prove irksome either because one such particular business or the particular group of such businesses is not properly conducted, or because they may be carried on in or from a locality where they can not be made to succeed. *Steuer* v. *Atlanta,* 176 *Ga.* 433 (2), 436 (168 S. E. 7); *Huguley-McCulloh Auto Co.* v. *LaGrange,* 159 *Ga.* 352 (125 S. E. 799); *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 136 *Ga.* 657, 658 (71 S. E. 1115); *Mayor etc. of Savannah* v. *Cooper,* 131 *Ga.* 676 (63 S. E. 138); *Williams* v. *Waynesboro,* supra.

■ The burden of alleging and proving that a tax is unreasonable and confiscatory rests upon the complaining party. *Williams* v. *Waynesboro,* supra. The affidavit of illegality as to this ground presented a question of fact such as can not ordinarily be resolved from the pleadings, but must await determination by a jury. *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66 [2], 73 (supra); *Steuer* v. *Atlanta,* supra; *City of Acworth* v. *Western & Atlantic R. Co.,* 159 *Ga.* 610 (3), 619 (126 S. E. 454). See also *Southern Express Co.* v. *Ty Ty,* 141 *Ga.* 421 (81 S. E. 114); *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 136 *Ga.* 657 (supra); *National Linen Service Corporation* v. *Albany,* 177 *Ga.* 81 (169 S. E. 894). For this additional reason, it was error to dismiss the affidavit of illegality on the general demurrer.

*Judgment reversed. Stephens and Sutton, JJ., concur.*