NATIONAL LINEN SERVICE CORPORATION *v.* CITY OF
GAINESVILLE *et al.*

No. 10905.   October 16, 1935.   Rehearing denied November 15, 1935.

*Herbert J. Haas, Bertram S. Boley,* and *Joseph F. Haas,* for plaintiff.

*J. E. Palmour Jr.,* for defendants.

GILBERT, Justice. █ It appears from the record that the petitioner is not maintaining a plant within the City of Gainesville, but obtains business from that city through its truck-driver whom it sends from Athens. He is provided with a supply of fresh linens which have been laundered at petitioner's plant in Atlanta, operating as the Atlanta Linen Supply Company. Its business is not to sell merchandise, but to sell the right to *use* certain laundered articles. When the driver proceeds to Gainesville he is not provided with any tangible thing which is to be offered for sale or to be delivered on any previous order for merchandise. Preparations are made in Atlanta for the operation which is to be performed in Gainesville. The driver exacts from the customer in Gainesville, as a condition for providing him with a given number of freshly laundered linens, coats, uniforms, or the like, an equal number of such articles which have become soiled through use. It may be reasonably inferred that the initial service is performed by delivering the requisite linens on a memorandum charge, but not as a sale of merchandise, the customer to pay only for the use of such articles. Thereafter the process, as detailed by the secretary and treasurer of the petitioner, is: "We make an even exchange; we deliver a customer linens and pick up his soiled linens. When we get his soiled linens we deliver his clean linens at the same time."

It is thus made to appear that the business consists of a series of such transactions *in Gainesville*, not mere deliveries of merchandise from Atlanta to a customer in Gainesville in pursuance of a previously acquired order for *merchandise* at a given sales price. Obviously the driver, under the modus operandi, would not, without receiving soiled linens in return, continue to leave with a customer from week to week a given number of laundered articles the value of which is many times the amount charged for the use thereof. To him is necessarily delegated the duty of making the system function in Gainesville. It is accomplished by his being obliged to offset new linens with soiled linens, leaving the customer liable only for the service charge. Manifestly, therefore, the petitioner is conducting a linen-supply service in Gainesville, acting through its duly authorized agent, the truck-driver. It is also inferable from the evidence that the driver was authorized, under the system, to accept a new customer and immediately to deliver to him the desired linens, rather than merely to solicit and acquire the customer and defer until a subsequent trip the actual delivery of the requisite linens. Therefore the case does not fall within that line of cases in which we have uniformly held that an occupational tax can not be imposed where goods are delivered upon an order taken by a salesman in advance of the delivery. We regard the business conducted by the seller in the present case as being subject to that part of the ordinance in question, which provides that the tax shall apply to all persons, etc., operating linens or towels rental service.

Is the tax prohibitory, confiscatory, and void, as contended by the plaintiff? It appears that in Gainesville the linen-supply business is generally conducted in connection with laundry work, the petitioner being the only one dealing exclusively in linen-supply service. The testimony of the proprietors of the only two laundries in that city is that it is the most profitable and desirable part of the business, and that it has been steadily increasing even during the period generally referred to as "the depression." The petitioner showed various items of expense incurred by it as against its total receipts, including excess depreciation of linens because of being used at a distant point from its plant, excess salary of driver, and excess truck expense because of the mileage to Gainesville, and other items which obviously could be reduced if the ex-

pense were on a Gainesville basis. That the seller, in order to obtain business at a distant city and compete with its local laundries, subjects himself to unusual expense and makes little profit under adverse conditions, does not afford a basis for declaring arbitrary, prohibitory, confiscatory, and void an ordinance as applied to a business which admittedly is in its infancy. "The reasonableness of an occupational tax is not dependent upon the amount of business conducted or on the profit received by a particular individual; but is determined by the conditions in the municipality as a whole as justifying the tax upon the business or occupation in question." *Steuer* v. *Atlanta,* 176 *Ga.* 433 (2), 436 (168 S. E. 7), and cit. Furthermore, the burden is on the attacking party to show a tax unreasonable. *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 136 *Ga.* 657 (71 S. E. 1115); *Postal Telegraph-Cable Co.* v. *Cordele,* 141 *Ga.* 658 (82 S. E. 26); *Ray* v. *Tallapoosa,* 142 *Ga.* 799 (3) (83 S. E. 938); *Town of Dexter* v. *Western Union Telegraph Co.,* 150 *Ga.* 294 (2, *a*) (103 S. E. 430); *Williams* v. *Waynesboro,* 152 *Ga.* 696, 702 (111 S. E. 47). Under the evidence the petitioner did not carry the burden of showing that the tax was arbitrary, prohibitory, or confiscatory. Neither was it violative of the due-process clause of the State or Federal constitution.

The evidence shows that while two laundries in Gainesville were subject to the tax of $150 each, the Bay Way Steam Laundry owed the city a balance of $15, and the Gainesville Steam Laundry owed a balance of $26, on the occupational tax for the year 1933. There is, however, no evidence of any act on the part of the city showing an intention to waive or remit the balance due in each case. Nothing has been paid by the petitioner. No fi. fa. has been issued against either of the two Gainesville laundries, although a fi. fa. was issued and a levy made upon a truck belonging to the petitioner; but the record discloses that such proceedings against the petitioner were at the special instance and request of its counsel, in order that a test case might be made as to the legality of the ordinance in question. Under these circumstances it can not be said, as contended by the plaintiff, that the ordinance, because of the manner of enforcement, is discriminatory and void and in violation of art. 1, sec. 1, par. 2, and art. 7, sec. 2, of the

constitution of this State or of the 14th amendment to the Federal constitution.

■ It is also urged by the plaintiff that the ordinance is void because it attempts to tax a part and parcel of its business, to wit, the solicitation of linens-supply service which, it is claimed, is the only kind of business it conducts in Gainesville. While we recognize the principle of law thus invoked, it has no application in the present case, because, as shown in the first division of this opinion, the business conducted in Gainesville consisted in the operation of a linens-supply service, of which the solicitation is but a part and not exclusively or specially taxed. In other words, under sec. 41 of the ordinance in question, the petitioner was subject to the tax for operating in Gainesville a linens-supply service, and was not called on to pay any additional tax for the incidental and preliminary operation of soliciting such business.

Headnote 4 need not be elaborated.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*