GREAT ATLANTIC AND PACIFIC TEA COMPANY *v.*
CITY OF COLUMBUS *et al.*

No. 13055.  November 16, 1939.  Rehearing denied December 15, 1939.

460

*Feldman & Kittelle, Foley & Chappell, Albert W. Stubbs Jr., Hirsch & Smith, Caruthers Ewing,* and *MacDougald, Troutman & Arkwright,* for plaintiff.

*William de L. Worsley, J. Robert Elliott, W. K. Miller, W. D. Lanier, W. T. Gary* and *Roy V. Harris,* for defendants.

DUCKWORTH, Justice. ■ While the allegations of the petition that the prosecutions and threatened prosecutions of the plaintiff's employees would injure its business were admitted, the defendant denied that such injury would cause irreparable damage, and denied the right of the plaintiff to refuse to pay the tax complained of. Equity will not enjoin a criminal prosecution solely to prevent such a prosecution, but it will in any proper case, by injunction or

otherwise, prevent injury or destruction of property. *Carey* v. *Atlanta,* 143 *Ga.* 192 (2) (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151); *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630); *Wofford Oil Co.* v. *Boston,* 170 *Ga.* 624 (154 S. E. 145); *Walker* v. *Carrolllon,* 187 *Ga.* 237 (200 S. E. 268). The writer dissented from the judgment in the *Walker* case, on the sole ground that it was his opinion that the allegations of the petition showed that an injunction was sought to prevent a criminal prosecution only, and not to protect the property of petitioner; and had he thought that the allegations made a case of threatened injury to property, as the majority ruled, he would not have dissented. In the present case there was no conflict in the evidence, which showed that it was the intention of the defendant to arrest and prosecute each employee of plaintiff unless the tax involved was paid, and that to do so would seriously injure the business and property of plaintiff. It should be noted that the present suit is not an effort on the part of the plaintiff to protect itself by injunction against criminal prosecution. Instead, the injunction is sought to protect the plaintiff's property and business against serious injury that would result from the threatened prosecution of all of its employees. It is manifest that if these employees are arrested repeatedly and continuously under criminal process, as shown in the present case, the plaintiff's stores will be unable to operate; and thus a serious injury to plaintiff's property will result. The plaintiff could not require the employees to resist such prosecutions on the grounds alleged, and executions may never issue and be levied for the tax, thus rendering the plaintiff without a remedy. Therefore, if the ordinance under which the prosecutions are to be made is void, equity should intervene by injunction and protect the business and property of the plaintiff against the injuries resulting from such illegal prosecution.

The attacks upon the ordinance may be grouped in two general classes, to wit: (1) that the ordinance is unreasonable; and (2) that the ordinance is unconstitutional. Since it is the established rule of this court never to decide constitutional questions if the decision of the case presented can be made upon other grounds (*Carter* v. *Dominey,* 157 *Ga.* 167, 121 S. E. 236; *Mystyle Hosiery Shops* v. *Harrison,* 171 *Ga.* 430 (3), 155 S. E. 765; *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219, 159 S. E. 863), we must first consider

that phase of the case here presented resting upon alleged unreasonableness of the ordinance involved; and if upon this consideration the ordinance is found to be void, no ruling will be made upon the constitutional questions presented by the record. Legislative powers conferred by charter provisions upon a municipality are not to be measured by the more extensive powers of the State legislature. *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138). One requirement of all municipal ordinances is that they must be reasonable, and the courts must declare void an ordinance found unreasonable. *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66 (65 S. E. 184); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29, 32 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *City of Acworth* v. *Western & Atlantic R. Co.,* 159 *Ga.* 610 (2) (126 S. E. 454); *Richardson* v. *Coker,* 188 *Ga.* 170 (3 S. E. 2d, 636). In *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (7) (16 S. E. 49), it was declared that "The reasonableness or unreasonableness of a city ordinance regulating the speed of a train upon a street is a question of law for the court to decide, and not for the jury, unless it depends in the opinion of the court on the existence of particular facts which are disputed." In *Mayor &c. of Savannah* v. *Cooper,* supra, the City of Savannah had adopted an ordinance levying a tax of $100 for the year 1908 upon all agents and representatives of packing-house goods and products having a place of business or stock of merchandise in the city and selling therefrom to customers in Savannah, with an additional tax of $400 for those selling fresh meat. An agent of Armour Packing Company, against whom the city levied a tax of $500 under the provisions of the ordinance and whose annual salary was $1,800, attacked the validity of the ordinance on the grounds that it was excessive, prohibitory, and unreasonable, and that the State had licensed the company's business and had given him the right to act as agent. This court declared: "Municipal ordinances must be reasonable. The limitations of the power of a city council in this regard are not to be measured by the more extensive powers of the State legislature. A city tax on an occupation must be reasonable with reference to such vocation. This does not mean that it must be adjusted to the amount of business of each individual, or limited exclusively by the receipts of some particular individual; but, considering that business within the municipality as a whole, the tax

must be reasonable and not arbitrarily discriminatory." The opinion quotes extensively from the trial judge's opinion holding the ordinance void for unreasonableness, in which reference is made to various portions of the tax ordinance involved, showing the amount of occupation tax levied thereby and showing them to be many times smaller than the tax imposed upon the agent involved in that case. This court affirmed the judgment of the trial court, and cited *Morton* v. *Macon,* 111 *Ga.* 162 (36 S. E. 627, 50 L. R. A. 485), in which case was involved a tax ordinance of the City of Macon imposing a business tax of $500 upon money lenders lending money on household and kitchen furniture and wearing apparel. The ordinance provided that the tax should be paid by January 15, 1900, or within fifteen days from commencing business, and declared that all persons failing to comply with this provision should be deemed guilty of doing business without a license and subject to a prescribed penalty. Morton was convicted of doing business in violation of the ordinance. At the trial it was shown that the tax was in effect prohibitory, and that Morton exacted from his customers exorbitant and usurious rates of interest. The case was decided upon the question whether the municipal authorities had power to impose such a tax. This court said: "There is a very wide difference between a power to license an occupation with a view to regulation and a power to tax it for the sole purpose of raising revenue. 'A power to license, when specifically given in the charter of a city, is , . a police power. The exaction of license fees for revenue purposes is the exercise of the power of taxation.' North Hudson County R. Co. *v.* Hoboken, 41 N. J. Law, 71. . . The question before us is, therefore, resolved into simply this: Does a power given by law to a municipal corporation to tax a useful and legitimate business include the right of imposing upon it a tax so high as to render it impossible to pay the same and carry on the business profitably? As the purpose of such taxation is to raise money for the support of the municipal government, and as the power of taxing is given exclusively for the accomplishment of this needful purpose, ordinances adopted in pursuance of this power must tend to effectuate, and not to defeat, the end in view. . . In City of Lyons *v.* Cooper, 39 Kan. 324 (18 Pac. 296), it was expressly ruled that, under legislative authority to levy and collect 'just and rea-

sonable' license taxes from persons pursuing designated occupations, 'an ordinance of such city purporting upon its face to be enacted for the levying and collecting of a license tax, but which is a clear and palpable attempt to destroy and forbid a legitimate, necessary, and commendable business, is void and can not be enforced.' The tax then under review was held to have been laid, 'not for revenue, but for destruction,' and therefore wholly unauthorized." The purpose of the ordinance here involved, as clearly disclosed by its caption, was to raise revenue for the support of the city government, and it was in no wise intended as an exercise of the regulatory powers conferred by the charter of the City of Columbus. It is therefore subject to the law applicable to the charter authority of the city to levy taxes for the sole purpose of raising revenue. This record does not present a case where the city has attempted under its police power to regulate the business affected by the tax ordinance. The city commission expressly confined the ordinance to the taxing authority conferred by the charter, and no hint or pretense of regulation for economic or other reasons under the police power of the city is made. While the city produced evidence which tended to show that the increase of chain stores in Columbus had had the effect of driving a much larger number of independent stores out of business, yet such evidence could not possibly illustrate any issue which the court is called upon to decide in the present case. Even if it could be material in sustaining an ordinance adopted for regulatory purposes in the exercise of the police power conferred by charter, it fails to illuminate the controlling issue presented in this case, which is whether or not the tax levied is unreasonable. In *Jones* v. *Stewart*, 117 *Ga.* 977, 980 (44 S. E. 879), it was stated: "The naked power to tax conferred upon a municipality does not comprehend authority to regulate or to tax unto death." In *Miller* v. *Shropshire*, 124 *Ga.* 829, 832 (53 S. E. 335, 4 Ann. Cas. 574), it was said: "Taxes can not, of course, be raised by imposing upon the taxpayer a burden which he is unable to carry." But the City of Columbus contends that the reasonableness of a municipal tax can not be determined by the amount of the gross business or net profits realized. It is contended that the failure to make a profit might be due to bad location, poor management, or to an excessive number of units as applied to chain stores; and that the ordinance

is presumed to be reasonable and valid, and the burden is on the plaintiff to prove its unreasonableness and invalidity, which is not done by merely showing that the amount of business and profits realized does not justify the amount of tax imposed. In support of this contention the following cases are cited: *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 136 *Ga.* 657 (71 S. E. 1115); *Brannan* v. *Harrison,* 172 *Ga.* 669 (158 S. E. 319); *Steuer* v. *Atlanta,* 176 *Ga.* 433 (168 S. E. 7); *National Linen Service Corporation* v. *Albany,* 177 *Ga.* 81 (169 S. E. 894); *Central Telephone Co.* v. *Nashville,* 179 *Ga.* 230 (175 S. E. 539); *National Linen Service Corporation* v. *Gainesville,* 181 *Ga.* 397 (182 S. E. 610); *National Linen Service Corporation* v. *Milledgeville,* 51 *Ga. App.* 167 (179 S. E. 837). It is further contended by counsel for the city that the ordinance involved levies a tax upon the privilege of chain-store operation, and that by virtue of this fact the plaintiff's stores must be considered as a group, and not singly, in determining the reasonableness of the ordinance. The language of the ordinance itself refutes this argument by expressly levying a tax upon each of the individual stores. The ordinance states, as a reason, that the tax is levied "because of the advantage accruing from the operation of multiple stores wherever situated, and because of the basic difference inherent in such character of operations and business." The levy itself, however, is made in the following language: "There is hereby levied for the year 1939 on the business of operating and maintaining, as part of a group or chain, *any store* . . an occupational tax or license tax as hereinafter stated." (Italics ours.) Then follow the classifications and amounts of such tax on each store in each classification. It is seen that the ordinance clearly and expressly singles out each individual unit or store and lays the tax upon it. Then, too, it should be borne in mind that the business here sought to be taxed is a legitimate and useful business which has been licensed by the State. The State has exacted of the plaintiff $200 for the privilege of operating each of its stores in the City of Columbus for the year 1939. The plaintiff has paid this amount, and has received from the State a license to operate each of its stores for that year. In view of the fact that the tax is placed on the individual chain stores, all of which have been individually licensed by the State, there is no basis for the contention that the stores of the plaintiff should be con-

sidered as a group, and not individually. In this case each store is entitled to the same consideration that would be accorded to a member of any class of subjects that might be taxed, and the validity of the ordinance must be determined by a consideration of its effect on the individual stores embraced in the class which it taxes. We do not mean to imply, however, that the receipts and profits of the store, standing alone, although the tax completely consumes such profits, will suffice to show that the tax is unreasonable and void. But proof that the tax consumes the entire profits of the stores, coupled with evidence of the prevailing conditions in the city as a whole, showing that these profits are equal to the average in similar businesses, will demand a finding that the ordinance is unreasonable. The uncontradicted evidence shows that the tax of $1,200 upon each of the plaintiff's five stores in the City of Columbus exceeds the entire net profits of three of the stores for the year 1938. It amounts to 59.9 per cent. of the net profits of another store, and 3.9 per cent. of the net profits of the fifth store, which was operated for only four months during the same period. This evidence clearly shows the destructive effect of the tax as applied to three of plaintiff's stores; and while leaving some of the net profits of the fourth store, it too will be unreasonably burdened by the enforcement of this ordinance. For the purpose of showing the effect of this ordinance upon the class taxed thereby, the plaintiff introduced evidence showing the operations of the principal chain stores in the City of Columbus for the years 1937 and 1938. The disastrous effect of the tax upon all of these stores is vividly disclosed by the fact that the tax exceeds the entire net profits for the year 1938 of 27 of the 39 chain stores operated in the City of Columbus. Thus more than two thirds of the stores to which the tax applies will be compelled by the enforcement of this ordinance, not only to surrender to the city all of the net profits realized from their operation, but to go further and encroach upon the capital investment to pay the part of the tax in excess of the profits from the business. Such a process, if continued, would ultimately consume the entire business. While this evidence shows that almost a third of the total stores affected by the ordinance had net profits for 1938 in excess of the tax levied, this does not show that the tax is reasonable in amount. We do not understand the law to mean that if a small minority of a class

is able to pay a tax, this fact renders the same reasonable and valid, although a large majority is unable to pay the same. Nor do we think that the fact that a small minority is unable to pay a tax will render it unreasonable and void. Fairness and common sense, upon which the law stands, require that the validity of such a tax be determined by its general effect upon the class as a whole. This case demonstrates the disastrous effect of any other rule. In 1938 the plaintiff opened a "super-market" in the City of Columbus. Based on the amount of business which it did in 1938, it is estimated that this store's sales in 1939 will amount to a million dollars. Its sales and net profits will be approximately fifteen times as much as those of any other store of the plaintiff or any other chain grocery store in the City of Columbus. Clearly such a store is not representative of the class taxed by this ordinance, and certainly the effect of the tax upon this one store is no guide in determining the reasonableness of the tax upon the entire class. The decision in *Steuer* v. *Atlanta*, supra, does not state a different rule. In the opinion in that case it was said: "The trial judge could have inferred that the plaintiff had too greatly multiplied the number of units and had located some of them in places where the business could not be well supported." The evidence in this case is not susceptible of such a construction. It appears that it is the policy of the plaintiff and other chain-store organizations to place each store upon its own bottom, and to operate only those which are able to show a reasonable profit. It also appears that there is no great variance in the gross sales or net profits of 26 of the 27 chain grocery stores in Columbus, the one exception being the "super-market" above referred to; and yet the tax complained of is equal to 40 per cent. of the net profit of the most profitable of these 26 chain stores. In view of these facts it can not be said that the judge was authorized to find that the units of chain stores in the City of Columbus had been too greatly multiplied, or that they had been located in places where they could not be well supported, and that for these reasons they were unable to bear a tax which was equitably adjusted to the economic and other conditions applicable to such businesses within the city as a whole. The evidence in this case leaves no ground for reasonable doubt that the general effect of the tax on the chain stores in the City of Columbus, constituting the entire class upon which the tax is levied, is

unreasonably oppressive, and that the ordinance is unreasonable and void. Compare *Southern Express Co.* v. *Ty Ty,* 141 *Ga.* 421 (81 S. E. 114) ; *City of Waycross* v. *Georgia Investment. Co.,* 146 *Ga.* 2 (90 S. E. 281) ; *Western Union Telegraph Co.* v. *Fitzgerald,* 149 *Ga.* 330 (100 S. E. 104).

Further evidence of the unreasonableness of the amount of the tax imposed by this ordinance is disclosed by the record. Before the enactment of this ordinance the city had levied a tax of approximately $200 upon each of plaintiff's stores. Therefore, if the present ordinance is allowed to stand, each of the stores of plaintiff will be required to pay city license taxes of $1,400 in addition to the State tax of $200. The plaintiff put in evidence the city tax ordinance for 1939, showing the amount of business tax levied by the city for that year upon all types of business conducted in Columbus. This evidence was admissible on the issue of reasonableness of the tax sought to be imposed upon plaintiff. *Mayor &c. of Savannah* v. *Cooper,* supra. It shows that a business tax of $1,000 upon an electric light or power company is the highest business tax imposed upon any business, except units of chain stores. It also shows that individual grocery stores are required to pay a total business tax, graduated on the number of employees, as follows: one employee, $10; two employees, $25; over two and not over four employees, $75; over four and not over six, $100; over six and not over eight, $150; over eight and not over ten, $200; over ten, $300; combined wholesale and retail hardware stores, $250; retail hardware stores, $100; wholesale grocery stores with sales of more than one million dollars, $400; cotton mills with over 25,000 spindles, $500. Thus the ordinance shows that in the judgment of the city commission grocery stores which are similar to plaintiff's business should not be required to pay a business tax of more than $300; and that no other business, including wholesale and retail hardware, wholesale grocery, cotton mills and power companies, should be required to pay an occupation tax as large as is imposed upon the plaintiff by the ordinance. This comparison illustrates the exorbitance and unreasonableness of the tax complained of. Our conclusion is that the plaintiff, by proof of the amount of business done by all of its stores during the years 1937 and 1938, as well as the evidence showing the business done by other grocery stores in the City of Columbus, has abundantly met

the requirement of law that it carry the burden of proving the prevailing business conditions in the city and of proving the ordinance to be unreasonable. This court must therefore declare the ordinance to be unreasonable and void.

Having held that the ordinance is void for the above reasons, no ruling will be made upon the constitutional questions presented; nor is any ruling made as to the authority of the city to take into consideration territory outside its jurisdiction upon which to base a classification for taxation. *City of Douglas* v. *South Georgia Grocery Co.,* 180 *Ga.* 519 (3-*b*) (179 S. E. 768, 99 A. L. R. 700). There being no issue on the controlling facts, the evidence demanded the grant of an injunction.

*Judgment reversed. All the Justices concur.*